### 23390. ARCHER v. GRIMES, Sheriff.

CANDLER, Presiding Justice. Jerry Wayne Archer was convicted in the Superior Court of Fulton County for larceny of an automobile, the property of Donald C. Dashow, and was on September 24, 1965, sentenced to serve a prison term of 7 years. He timely moved for a new trial and on October 29, 1965, voluntarily dismissed his motion. On November 9, 1965, he brought habeas corpus against Ralph Grimes, the Sheriff of Fulton County and alleged that he was being illegally detained by him under the aforementioned sentence. His habeas corpus proceeding was heard and he was remanded to the custody of respondent. From that judgment he filed notice of appeal to this court and enumerated as errors: (1) the owner of the automobile allegedly stolen by him was not present at the trial and he was for that reason denied the right to thoroughly and searchingly cross examine him, (2) the evidence introduced by the State in the absence of the purported owner of the allegedly stolen automobile did not exclude every other reasonable hypothesis save that of the guilt of the accused, (3) he was kept in jail from 6 to 8 months before trial and the judge should have held that he was thereby denied his constitutional right to a speedy trial, (4) the judge should have held that no proper verdict was returned by the jury since it was not dated, and (5) all competent evidence which the State introduced on the trial failed to prove that the offense charged in the indictment had been committed. *Held:*

"A writ of habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Shiflett v. Dobson*, 180 Ga. 23 (177 SE 681); *Wallace v. Foster*, 206 Ga. 561 (1) (57 SE2d 920) and the cases there cited. Instead, it is an appropriate remedy only when the sentence under which the applicant is being detained is for some reason absolutely void, not merely erroneous. *Fleming v. Lowery*, 173 Ga. 894, 895 (162 SE 144); *Henson v. Scoggins*, 203 Ga. 540 (47 SE2d 643). In the instant case it is not shown by the record that the sentence under which the applicant was being imprisoned is for any reason void. Hence the trial judge did not err, as contended, in remanding him to the custody of respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1966—DECIDED MARCH 22, 1966.

*Ward Matthews, Jr.*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw*, for appellee.