25248. HARRIS v. THE STATE.

ARGUED JUNE 12, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 24, 1969.

*Lucy S. Forrester, William H. Traylor,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal is from the denial of a petition or writ of coram nobis and alternative extraordinary motion for new trial. The petition as amended, filed by Donald M. Harris in the Superior Court of Fulton County on December 30, 1968, made in substance the allegations which follow.

On September 11, 1958, petitioner was tried in the superior court of that county on two counts of robbery. Upon being found guilty, he was sentenced to a term of eight to twenty years on each count, to run consecutively.

In that trial a State's witness testified over objection that petitioner made to him incriminating statements amounting to a confession. The court, contrary to the procedure established in Jackson v. Denno, 378 U.S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) (1964) did not hold a preliminary hearing outside the presence of the jury concerning the admissibility of the statements. Upon cross examination this witness admitted that he had told petitioner that in exchange for petitioner having co-operated with the interrogating officers, he would inform the court at his trial of his co-operation, apparently for purposes of evoking the court's leniency. Thereupon, petitioner's counsel moved to exclude all testimony as to the purported confession, and the court excluded it. The court then and later instructed the jury to disregard any such evidence, but it refused to grant defense counsel's timely motion for a mistrial. A copy of the transcript of this portion of the trial is attached to the petition.

Petitioner's motion for new trial complaining of the refusal to grant the mistrial was denied, and this court affirmed on March 6, 1959. *Harris v. State*, 214 Ga. 739 (107 SE2d 801).

Since the filing of the motion for new trial and this court's decision, the United States Supreme Court in the cases of Jackson v. Denno, 378 U. S. 368, supra; Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593); and Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), has held that such trial procedures as were sanctioned by this court in petitioner's case result in a denial of an accused's constitutional rights and invalidate a conviction so obtained. These cases are dispositive of petitioner's conviction in that they have been held to have retroactive application to trials concluded prior thereto. Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882), and Roberts v. Russell, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100).

On September 20, 1968, petitioner was paroled by the Georgia Board of Pardons and Paroles to a parole plan in Tennessee. Subsequently he was tried and convicted in a United States District Court there for violation of the Federal Firearms Act, to wit, a convicted felon purchasing and conveying a firearm across state lines, and on July 2, 1968, received a sentence of

two years. By virtue of his erroneous state conviction, as aforesaid, petitioner was convicted and is currently serving time by incarceration in Tennessee.

The Georgia Board of Pardons and Paroles has filed a detainer in Tennessee, which is pending. It alleges that petitioner, by virtue of the federal conviction, has violated the conditions of his parole. This detainer prevents a federal parole or other early release.

Petitioner has no other remedy available for review of his Fulton County conviction, which he asserts was obtained in violation of his constitutional rights and is void in the following particulars: that the trial court erred in refusing to grant a mistrial, thereby violating his rights under specified provisions of the Federal and State Constitutions; that the allowance of testimony concerning an involuntary, inadmissible confession before the jury, even with subsequent instructions to disregard it, constituted a material mistake of fact and error of the most fundamental character; that under the intervening decisions of the United States Supreme Court, petitioner's constitutional rights were violated and his conviction is void; that this mistake of fact occurred through no negligence of petitioner; and that had the mistake in assessing the facts and refusing the motion for mistrial not been made, petitioner's conviction would have been prevented.

The prayers were that either a writ of coram nobis issue directed to the trial court to review all proceedings in the trial of State v. Harris, or, in the alternative, that a new trial be granted.

Pursuant to a rule nisi served upon the District Attorney of Fulton County, a hearing was held and the prayers of the petition were denied.

This was a correct disposition, as we view this record.

1. The petitioner was not entitled to a writ of coram nobis so as to require the trial court to review the proceedings bringing about his conviction in the Superior Court of Fulton County.

While there are reported cases in this state which deal with a writ of coram nobis, none, insofar as we have ascertained, have granted it. *Miraglia v. Bryson*, 152 Ga. 828 (111 SE 655);

*South v. State,* 72 Ga. App. 79 (33 SE2d 23) ; *Randall v. Whitman,* 88 Ga. App. 803 (78 SE2d 78) ; *Riley v. State,* 107 Ga. App. 639 (131 SE2d 124).

In those jurisdictions which have granted it, such writ lies for an error of *fact* not apparent on the record, not attributable to the accused's negligence and which, if before the court, would have prevented rendition of the judgment. 24 CJS 688, Criminal Law, § 1606(7). See also, 18 AmJur2d 453, Coram Nobis, etc., § 3.

Here, no error of fact is involved. Regardless of petitioner's denomination of it, his complaint actually involves a change in criminal procedure. He contends that his 1958 conviction is void because of the subsequent holding in Jackson v. Denno, 378 U. S. 368, supra, and its retroactive application as held in Johnson v. New Jersey, 384 U. S. 719, and Roberts v. Russell, 392 U. S. 293, supra.

2. The denial of petitioner's alternative extraordinary motion for new trial was likewise proper.

This court has consistently held that extraordinary motions for new trial, brought under *Code* § 70-303, are not favored. It has repeatedly said that cases contemplated by the statute "are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards turns out that the man he was charged with having killed is still alive, or where a man has been convicted on the testimony of a witness who is afterwards found guilty of perjury in giving that testimony, or from some providential cause, and cases of like character." *Cox v. Hillyer,* 65 Ga. 57, 60; *Harris v. Roan,* 119 Ga. 379 (2) (46 SE 433) ; *Wheeler v. State,* 149 Ga. 473 (2) (100 SE 568) ; *Harris v. State,* 150 Ga. 680, 681 (104 SE 902) ; *Coggeshall v. Park,* 162 Ga. 78 (2) (132 SE 632).

The rendition of the cases relied upon by petitioner is not a situation which comes within the foregoing category.

*Judgment affirmed. All the Justices concur.*