## 26637. NELSON v. SMITH.

FELTON, Justice. This appeal is from an order in a habeas corpus proceeding remanding the appellant to the custody of the Warden of the Putnam County Correctional Institution.

1. Appellant enumerates as error alleged prejudice against him on the part of the arresting officer and contends that he was "framed," "set up," and "tricked." A habeas corpus proceeding cannot be used as a substitute for appeal. *Bonner v. Smith,* 226 Ga. 250 (174 SE2d 438). "It is not the function of the writ of habeas corpus to determine

the guilt or innocence of one accused of crime." *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); *Echols v. Smith,* 227 Ga. 343, 344 (180 SE2d 699). This enumeration is an attempt to argue in a habeas corpus proceeding the appellant's innocence and, as such, is without merit.

2. Also enumerated as error is the action of the trial judge in appellant's criminal case, in re-charging the jury in the jury room, rather than in the courtroom in the defendant's presence. In this State the right of a defendant to be present during the re-charge of the jury may be waived personally by the defendant, or waived by his counsel if such waiver is made in the defendant's presence or by his express authority, or is subsequently acquiesced in by the defendant. *Wilson v. State,* 212 Ga. 73 (90 SE2d 557).

The transcript of the record shows that a bailiff came to the bench from the jury room, after which the court called counsel to the bench, informed them that the bailiff had just told him that the jury desired advice as to what a misdemeanor is, obtained counsels' consent to re-charge the jury in the jury room and invited counsel to accompany him thereto, *which they did.*

The habeas corpus petitioner contended that, although he was present in the courtroom when the above transpired, whatever was said was not said "out in the court." That this does not amount to a contention that he did not *hear* what was said, is shown by his testimony that he remembered when the judge said substantially what the record showed he said and his positive testimony as to what the judge had *not* said. He testified that, when one of his counsel questioned to his other counsel the propriety of the judge's entering the jury room, the other replied, "That's okay; let him go ahead." Although he testified that his counsel did not accompany the judge into the jury room, this is contrary to the record and is not supported by defense counsel's letter to appellant, in which he assured him that the complained of action was

neither harmful nor ground for a new trial, that all the judge did was to answer the jury's question, and that the judge had entered the jury room with the consent of counsel, which was not inconsistent with the finding, based upon the record, that counsel were also present in the jury room. The question of determining credibility of testimony in a habeas corpus hearing is vested in the hearing judge. *Ballard v. Smith,* 225 Ga. 416 (1) (169 SE2d 329); *Anglin v. Caldwell,* 227 Ga. 584, 585 (182 SE2d 120).

The habeas corpus court was authorized in finding that the right of the defendant to be present during the re-charge was waived by his counsel in his presence if not by the defendant personally, and that *under the circumstances* no error was shown by the trial court's unconventional means of re-charging the jury. This is not to condone the practice of re-charging juries anywhere else but in the open courtroom—a practice which would jeopardize the right of the accused and the public to know exactly what is occurring in the course of trials.

3. It was in the discretion of the trial judge whether he would approve the jury's recommendation for misdemeanor punishment under *Code* § 27-2501, and his action rejecting such recommendation, not being an abuse of his discretion, is final. *Harris v. State,* 216 Ga. 740 (119 SE2d 352) and cit.

We find no error in the proceedings. Therefore, the judgment is

*Affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

William Nelson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.