### 26988. PERDUE v. SMITH.

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

William Perdue, *pro se.*

GRICE, Justice. The appellant William P. Perdue appeals from the denial of his petition filed in the Superior Court of Tattnall County seeking the writ of habeas corpus against S. Lamont Smith, Warden of the State Penitentiary. He

complains of his sentence of 20 years confinement imposed upon him by the Superior Court of Worth County following his conviction for robbery by force.

Upon his conviction, petitioner appealed unsuccessfully to this court (*Perdue v. State,* 225 Ga. 814 (171 SE2d 563)), making several of the contentions now raised here.

The allegations of his petition are in substance those which follow: that his name is William Lee Perdue, not William P. Perdue, as used in the sentencing court; that he is not guilty of the charge; that he was held in solitary confinement without being permitted to communicate with his family for a period prior to his trial; that the indictment which was the basis of his trial is contrary to another indictment against him as to the amount of money that was taken from the victim; that the sentencing court failed to charge the law of reasonable doubt; that witnesses were allowed to remain in the courtroom during his trial; that he was not proven guilty beyond a reasonable doubt; that there was no evidence to support the verdict of guilty, only hearsay; that he was denied the right to bail prior to his trial; and that he was placed in double jeopardy in violation of Art. V of the United States Constitution.

To this petition the respondent answered by denying the material allegations.

Upon the habeas corpus hearing the petitioner was the only witness who testified in his behalf. He related his claims referred to above.

1. The petitioner's contention that he was not guilty of the offense is without merit. The function of the writ of habeas corpus is not to determine the guilt or innocence of a person accused of crime and is not a substitute for a review to correct errors of law. See *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); and *Bonner v. Smith,* 226 Ga. 250 (174 SE2d 438). Accordingly, the contentions being made here are not meritorious.

2. From the allegations summarized above it is apparent that several of the contentions which the petitioner makes here relate to alleged irregularities and errors on his origi-.

nal trial. These cannot be raised in a habeas corpus proceeding. *Archer v. Grimes,* 222 Ga. 8 (148 SE2d 395).

3. The contention that he was denied bail cannot be sustained. Since this was a capital felony it must be shown that there was an abuse of discretion in denying bail. *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286).

4. Petitioner's claim as to double jeopardy likewise cannot be sustained. The record shows that the original verdict was not in proper form; that the judge rejected it; and that the jury, pursuant to instructions by the court, corrected the error.

5. The petitioner now contends that he was denied the effective assistance of counsel in his original trial. This position cannot be sustained. An examination of the record in that case shows that his counsel rendered efficient service, vigorously assisting the petitioner.

For the foregoing reasons, it was not error to deny the writ and remand the petitioner to the custody of the respondent warden.

*Judgment affirmed. All the Justices concur.*