## 27332. DISMUKE v. THE STATE.

NICHOLS, Justice. The defendant was convicted under a multiple-count indictment of larceny of a motor vehicle and of unlawful use of a motor vehicle license plate. A motion for new trial was overruled and an appeal filed to the Court of Appeals. That court transferred the appeal to this court because prior to joining issue the defendant filed a motion designated as a petition for writ of habeas

corpus which was denied and which judgment is enumerated as error by the appellant. *Held:*

The appeal is one within the jurisdiction of the Court of Appeals and not the Supreme Court.

If the pre-trial motion is considered a "petition for writ of habeas corpus," it would relate to the pre-trial, and not post-conviction confinement. The writ of habeas corpus is available to test present confinement only and any question presented by such motion, if treated as a writ of habeas corpus, becomes moot upon the conviction. Compare *Floyd v. Smith,* 225 Ga. 650 (171 SE2d 142); *Evans v. Perkins,* 225 Ga. 48, 50 (165 SE2d 652).

Moreover, if considered as a petition for "writ of habeas corpus," such judgment was a final judgment from which an appeal could and must have been taken within 30 days after it was rendered. *Code Ann.* § 6-701. No such appeal was taken.

Properly construed, the pleading is a pre-trial motion in the case wherein the defendant was later convicted and not a petition for writ of habeas corpus. Accordingly, the Court of Appeals and not the Supreme Court has jurisdiction of the appeal.

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED JULY 11, 1972—DECIDED JULY 12, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg,* for appellee.