Carl Leonard, *pro se.*

## 27485. WRIGHT v. CALDWELL.

JORDAN, Justice. This is an appeal from the order of the habeas corpus judge remanding the petitioner to the custody of the respondent warden.

The record discloses that at the time of the hearing he was being held pursuant to a sentence of 20 years imprisonment imposed in Case No. 18549 in Chatham Superior Court on February 19, 1970, following his conviction of robbery by intimidation, and that upon completion of this sentence he would be subject to a sentence of 14 years imprisonment imposed in Case No. 18444 in Chatham

Superior Court on July 30, 1970, following another conviction for robbery by intimidation, this sentence having been imposed to run consecutively to the sentence previously imposed.

One assertion made in the lower court is that the petitioner was denied a first-stage appeal with court-appointed counsel, but it is clear from the evidence, as the hearing judge found, that the petitioner knowingly and intelligently waived any right to appeal. It is elemental that habeas corpus as a remedy is not a substitute for appeal.

Insofar as the petitioner purported to assert and substantiate inadequate representation the record is clear, and the habeas corpus judge so found, that the experienced attorney serving as appointed counsel adequately and capably represented Wright in both criminal cases, and was successful in having the offense in each case, as presented to the jury, reduced from armed robbery to robbery by intimidation. The hearing judge observed in this respect that "any less prepared and less concerned attorney might well have left Wright with two sentences for life imprisonment."

While the hearing judge recognized and alluded to the fact that the petitioner could not then obtain relief in respect to the consecutive sentence for which he was then not held and then not serving, he conducted the hearing as if both sentences were involved, and in his order, after first determining "that none of the constitutional rights of the petitioner have been denied him and [that] he is now serving a legal sentence" further determined that the 14-year sentence which would follow "is constitutionally proper."

A review of the entire record before this court discloses no error in the action of the habeas corpus judge remanding the petitioner to custody. The appeal is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1972—DECIDED DECEMBER 4, 1972.