## 47559. DISMUKE v. THE STATE.

EVANS, Judge. The defendant was indicted and convicted under multiple counts of larceny of a motor vehicle and unlawful use of a motor vehicle license plate. Motion for new trial was filed, amended, heard and overruled. The appeal is from the overruling of said motion. The case was transferred to the Supreme Court, as it involved a petition for habeas corpus. However, that court, in *Dismuke v. State,* 229 Ga. 347 (190 SE2d 915), transferred the case back to this court because the petition for writ of habeas corpus was found to be a pre-trial motion and not a petition for writ of habeas corpus. *Held:*

The sole enumeration of error argued by counsel for defendant involves the subject matter of the pre-trial complaint, in which it is contended the lower court erred in denying defendant's motion. The motion was that an attorney be appointed for defendant, who was indigent and who contended that he was entitled to counsel at the preliminary hearing. Said motion was overruled. Defendant contends this ruling was prejudicial and violated his rights under the 6th and 14th Amendments of the United States Constitution.

In *Mollins v. State,* 122 Ga. App. 865 (179 SE2d 111) this court, in a similar situation, held that certain appellate court decisions of this State were superseded by the holding in Coleman v. Alabama, 399 U. S. 1, 9 (90 SC 1999, 26 LE2d 387), and remanded the case to the trial court, with direction that if defendant should file a motion within 10 days after remittitur was received by the trial court, a determination should be made as to whether denial of counsel was harmless error, or whether a new

trial should be ordered. The trial court was directed to hold a hearing and make a ruling from the evidence then presented as to whether the defendant suffered prejudice on the trial of his case as the result of failure to provide counsel at the commitment hearing. The Court of Appeals of Georgia also added that if the trial court found the defendant did suffer prejudice, it was to order a new trial in the case; and if no prejudice was found, then the conviction was to stand affirmed.

In the case sub judice it is admitted that defendant did not have an attorney at his preliminary hearing. The court, in ruling on his petition for habeas corpus, heard no evidence but decided same after argument, and ruled against defendant.

Although the Supreme Court of Georgia has rendered two decisions subsequent to the decision by the United States Supreme Court in the Coleman case, supra, involving the same question, to wit: *Beavers v. Smith,* 227 Ga. 344 (180 SE2d 717) and *Brown v. Holland,* 228 Ga. 628 (187 SE2d 246), both of which were habeas corpus cases, in neither of these two cases did the Supreme Court of Georgia follow the decision in the Coleman case. With this apparent conflict between a decision by the United States Supreme Court and two later decisions by the Supreme Court of Georgia, this court is bound by the decision of the United States Supreme Court. See *Thornton v. Lane,* 11 Ga. 459, 500.

We reverse the lower court with direction, as follows: The lower court is directed, as was done by the Supreme Court of Georgia in *Manor v. State,* 221 Ga. 866 (2) (148 SE2d 305), to quash the indictment, to set aside the verdict and judgment, to give the defendant another commitment hearing, after which the case could proceed anew by re-indictment and another trial.

*Judgment reversed with direction. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 2, 1972—DECIDED JANUARY 11, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Joel M. Feldman, Carter Goode,* for appellee.