## 50685. MIDDLEBROOKS v. THE STATE.

STOLZ, Judge.

On September 1, 1973, Odell Middlebrooks was arrested and charged with the offense of aggravated assault with intent to rape. He was held in the City of Atlanta jail without benefit of counsel until he was indicted on September 28, 1973. During this period of incarceration, preliminary hearings were scheduled for September 18, 20, and 21, 1973, but were continued each time because of the absence of the prosecutrix. Counsel was appointed for the defendant after indictment and promptly moved to quash the indictment on the grounds that the defendant had been denied his right to a preliminary hearing and the opportunity of confronting his accuser. The defendant's motion to quash further alleged that the preliminary hearing was a "critical stage" of the criminal process wherein denial of counsel constituted a violation of his Sixth Amendment rights under the United States Constitution. In his motion to quash, the defendant prayed that the indictment be quashed, and a preliminary hearing held wherein he could be provided with (1) the charges against him, (2) the witnesses confronted and cross examined by his appointed counsel, and (3) a transcript of the proceedings prepared, in addition to other relief. The trial judge denied the motion to quash. The defendant was tried and convicted.

1. "1. A motion to quash, being the equivalent of a demurrer, is not a proper method of attacking an indictment for a defect not appearing upon its face, or setting up matters of fact outside of other pleadings and the record. See *Jackson v. State,* 64 Ga. 344 (1); *Milhollan v. State,* 221 Ga. 165, 166 (1) (143 SE2d 730); *Wingfield v. State,* 231 Ga. 92, 101, 105 (200 SE2d 708) and cits.; *Walker v. State,* 73 Ga. App. 20 (1) (35 SE2d 391) and cits.; *State v. Hooper,* 132 Ga. App. 413, 414 (208 SE2d 161)

and cits.

"2. There is some authority, however, for treating the motion to quash as a plea. In *Jackson v. State,* supra, p. 347, the court, after noting the impropriety of the motion in that case, said, 'Let the substance of the motion be regarded as a special plea, and it presents no sufficient answer to the indictment . . .,' and proceeded to rule on the motion as a plea. In *Bryant v. State,* 224 Ga. 235 (161 SE2d 312), the court said, 'Though the defendant designated these motions as motions to "quash" the indictment, we treat them as being pleas in abatement or a special plea in bar.' 'It is an elementary rule of pleading that substance, not mere nomenclature, controls.' *McDonald v. State,* 222 Ga. 596, 597(1) (151 SE2d 121) and cits." *State v. Houston,* 134 Ga. App. 36 (213 SE2d 139).

2. This case differs from *Dismuke v. State,* 127 Ga. App. 835 (195 SE2d 259), *State v. Houston,*[1] supra, and *Hightower v. State,* 135 Ga. App. 92, in that in each of those cases a preliminary hearing was held, but the case was reversed because the defendant was not given the benefit of counsel at the preliminary hearing. In the case before us, no preliminary hearing was held, *thus denying the defendant this valuable statutory right.* The effect of the trial judge's decision is to place the seal of judicial approval on this dereliction of the state's responsibility. Such is neither necessary nor required by the Supreme Court decisions in *Thrash v. Caldwell,* 229 Ga. 585 (1) (193 SE2d 605); *Phillips v. Stynchcombe,* 231 Ga. 430 (1) (202 SE2d 26); and *McClure v. Hopper,* 234 Ga. 45 (214 SE2d 503), as is urged by the state. Each of those cases came to that court via habeas corpus. An examination of the record in each of those cases reveals that the issue presented was not raised in the trial court or in a direct appeal to an appellate court following conviction. This fact is specifically noted in *Phillips v. Stynchcombe,* supra, (1). In the case before us, the issue was raised promptly upon the appointment of counsel, and is before us on direct appeal.

---

[1]Pending in the Supreme Court after the grant of certiorari.

"Every officer arresting under a warrant *shall* exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and *in any event* to present the person arrested before a committing officer within 72 hours after arrest. The arresting officer *shall* notify the accused as to when and where the commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hearing, before the hearing, *shall be released.*" (Emphasis supplied.) Code Ann. § 27-210 (Ga. L. 1956, p. 796). "In every case of an arrest without a warrant the person arresting *shall without delay* convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose and *any person who is not conveyed before such officer within 48 hours shall be released.*" (Emphasis supplied.) Code Ann. § 27-212 (Ga. L. 1956, pp. 796, 797). "An offender who is not afforded a commitment hearing receives no notice of the time and place thereof. Hence the provision requiring release applies equally to one who receives no commitment hearing as well as to one who receives no advance notice of the time and place thereof." *McClure v. Hopper,* 234 Ga. 45, 48 (2), supra.

Release can have but one meaning, viz., that for noncompliance with the statute, where the defendant was arrested under a warrant, the warrant is dismissed; where the arrest was without a warrant, the defendant is simply discharged. This would not prevent the subsequent issuance of a warrant (or another warrant) and the resumption of prosecution.

In *Manor v. State,* 221 Ga. 866 (148 SE2d 305), the defendant's conviction of murder was reversed because the Supreme Court found that the defendant's waiver of a preliminary or commitment hearing was procured under duress. In its opinion, the court noted, "it is clear nevertheless, that defendant who was charged with a horrible murder, a capital felony, for which he could be sentenced to death, without the advice of counsel and under compelling circumstances made a crucial decision to waive and did purport to waive a preliminary or

commitment hearing before the police court. A commitment hearing is a valuable right which the law gives to one accused of crime. Ga. L. 1956, p. 796 (Code Ann. § 27-210); Code § 27-401 et seq. A lawyer recognizes this fact, for this affords him an opportunity to make the State show its hand by putting up the evidence it has against the accused, which enables him to know what he has to defend against, as well as to protect his client against commitment without sufficient evidence. *Savannah News-Press, Inc. v. Harley,* 100 Ga. App. 387, 391 (111 SE2d 259). The law gives the defendant a reasonable time for preparation of his case, and in no event shall he be forced to trial [commitment hearing] without aid of counsel, if there be reasonable probability of his securing counsel without too great delay. Code § 27-403 . . . A person accused of crime may waive a commitment hearing, but a waiver of commitment hearing under such conditions as existed in this case is no waiver, and the purported waiver is a nullity, for the conclusion is inescapable that to get out of the city barracks where he was being held in a cruel and inhumane manner in a naked condition in a steel cell, with a rock floor, a metal bed with no mattress, and to escape this humiliating and intolerable treatment, he agreed with Detective Taylor to waive the hearing and go over to the county jail where he could get counsel appointed. The circumstances under which he waived commitment hearing amounted to duress, such as destroyed the exercise of his own free will and accord in making his decision, and this cannot be recognized as a valid waiver of the hearing. The defendant was represented by able counsel appointed by the judge of the superior court in all proceedings in that court, and the record makes it crystal clear that the able trial judge made every effort possible to give the defendant a fair and impartial trial; but this did not erase the error and the harm done to the defendant prior to the time he reached the superior court . . . All the proceedings in this case beginning with the commitment hearing and including indictment, trial, verdict and sentence of the court are nugatory and are hereby declared null and void. The court is directed to quash the indictment, set aside the verdict

and judgment; and the defendant must be furnished with counsel, if he is without counsel, and must be given a commitment hearing, if he desires such, and the case may then proceed through the processes of law of bringing him to trial by indictment of a grand jury." *Manor,* supra, pp. 868-869.

Plainly, if a defendant's coerced waiver of a commitment hearing renders all subsequent proceedings nugatory, then the utter absence of such a hearing should do likewise.

Code Ann. §§ 27-210 and 27-212 are not ambiguous. There is no subtlety of expression which renders them capable of more than one interpretation. Yet, the effect of the trial court's action is to completely emasculate and disembowel statutes which are the front line of defense against illegal and arbitrary detention. The consequences are frightening. *If the trial court is correct, the state would be under no compulsion to ever give the accused a preliminary hearing.* We believe this would be grievous error. The only means of giving any effect to Code Ann. §§ 27-210 and 27-212 is for the courts of this state to face up to the plain meaning of the Acts of the General Assembly and hold that when these basic, fundamental rights are violated, everything that occurs subsequently is a nullity, as was done in *Manor,* supra. The conviction is reversed, the indictment quashed, and the cause remanded to the trial court to give the defendant his preliminary hearing, after which the case could proceed anew by reindictment and another trial. *Dismuke v. State,* 127 Ga. App. 835, 836, supra; *Manor v. State,* 221 Ga. 866, supra.

*Judgment reversed and remanded. Deen, P. J., and Evans, J., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 27, 1975 — REHEARING DENIED JULY 15, 1975 —

*James C. Carr, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph Drolet, J. Melvin England, Assistant District Attorneys,* for appellee.