## 30048. WILSON v. HOPPER.

INGRAM, Justice.

Melvin Wilson, Jr. appeals from an order of the Superior Court of Tattnall County denying habeas corpus relief to him. Appellant was tried in the Superior Court of Richmond County in March, 1971, for the possession of heroin and for the sale of heroin. The jury returned a verdict of guilty on both offenses and appellant was sentenced to three years imprisonment for possession of heroin and 10 years imprisonment for the sale of heroin with the sentences to run consecutively. On direct appeal, the convictions and sentences were affirmed. *Wilson v. State,* 126 Ga. App. 145 (190 SE2d 128) (1972).

Appellant filed the habeas corpus action, from which this appeal is taken, in 1974. In his petition, appellant alleged (1) that he was denied a preliminary hearing; (2) that he was denied the right to be confronted by the witnesses used against him, i.e., the informer, Willie Davis, to whom appellant was accused of selling the heroin; (3) that he was convicted of included offenses; (4) that his appellate rights were abridged because he was never advised of his right to appeal and because his conviction was appealed without his knowledge; (5) that he was denied the effective assistance of counsel because his trial counsel failed to file a timely motion to suppress the heroin seized by the police at the apartment where appellant was arrested; and (6) that the trial court erred in charging an incorrect definition of sale to the jury. Appellant enumerates as error the habeas court's rulings adverse to him on each of the allegations of his petition. We have examined each of these contentions and find them to be without merit.

The transcript of appellant's trial, which was introduced into evidence at the habeas hearing, was relied upon by the trial court in resolving several of the issues raised by appellant in his petition. The evidence adduced at appellant's criminal trial discloses that for about three weeks prior to appellant's arrest the apartment where he resided was under surveillance by the police. During this period the police observed that the apartment was frequented by persons known to the police

as users of narcotics. On December 8, 1970, the police sent an informer to the apartment instructing him to attempt to purchase narcotics there. The informer complied with his instructions and returned to the police with two "decks" of heroin which he stated he had obtained from appellant. On the basis of this purchase, the police obtained a search warrant for the apartment.

On December 12th and 13th the police utilized the services of another informer, identified at trial as Willie Lee Davis, a soldier at Fort Jackson, in order to effect another purchase at appellant's apartment. Davis was not called as a witness at the trial. Instead, police officers testified that immediately preceding Davis' entry into the apartment he was given approximately $75 in marked currency and was searched in order to verify that he did not have any drugs on his person. The officers observed Davis from the time he left the unmarked police car until he was admitted to the apartment, where appellant was residing at the time. A short time later, Davis emerged from the apartment and walked to the nearby police car where he delivered to the officers 15 "decks" of heroin.

The police then went to the apartment and executed the search warrant. Inside the apartment the officers found appellant and two women. Appellant was searched and he was found to have on his person $67 of the marked currency. The officers also discovered in one of the bedrooms 95 "decks" of heroin taped to the back of record album covers.

At appellant's subsequent trial, defense counsel did not interpose any objection to the testimony about the heroin found in the apartment or the circumstantial evidence of the heroin purchase. Neither did counsel file a pre-trial motion to suppress the evidence. However, when the state offered the heroin in evidence at the close of its case, defense counsel objected on the grounds that "no search warrant [has] been offered in evidence to justify the search." The court overruled the objection, stating, "[w]ell, he said he had a search warrant, I'll leave it in."

On appeal from the convictions, the Court of Appeals affirmed the above ruling by the trial court and held that,

"[w]hether we regard the facts here as being a waiver under the rulings of the *Lane, Gilmore* and *Bissel* cases or a matter for the court's discretion, the trial judge did not err in declining to require the State to submit the original search warrant which served as the basis for the raid when this point was delayed until the State had completed its case." *Wilson v. State,* supra,. at 147. The search warrant was not introduced into evidence at the trial, and it was not introduced into evidence at the habeas corpus hearing.

## I.
### Preliminary Hearing.

Appellant contends that he was denied a preliminary hearing. The majority decisions of this court hold that such a claim is not a valid ground for a petition for writ of habeas corpus. *Allen v. Caldwell,* 231 Ga. 442 (1) (202 SE2d 35) (1973); *Phillips v. Stynchcombe,* 231 Ga. 430, 432 (202 SE2d 26) (1973); see, also, *State v. Houston,* 234 Ga. 721. Additionally, there is no evidence in this case that indicates appellant ever requested, and was actually denied, a commitment hearing. We find no error here.

## II.
### Confrontation.

Appellant contends that he was denied the right to confront his accuser, Willie Davis. It is apparent from the transcript of the criminal trial that the evidence did not present a confrontation issue. Davis was not called as a witness during the trial, and the trial court sustained defense counsel's objections in every instance where they were interposed to prevent police officers from testifying about statements made by Davis. The state relied upon circumstantial evidence to establish the offense of the sale of heroin by appellant to Davis.

Davis, however, was a "decoy," as that term is defined in Georgia cases, because, as the purchaser in an illegal sale of contraband, he was a material witness to the offense and his testimony would have been pertinent to appellant's defense of entrapment. *Smallwood v. State,* 95 Ga. App. 766 (1) (98 SE2d 602) (1957); *Roddenberry v. State,* 90 Ga. App. 66 (82 SE2d 40) (1954); *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38) (1954). By disclosing Davis' identity to appellant, the state fulfilled its obligation in

such circumstances. *Roviaro v. United States,* 353 U. S. 53 (1957); *Smallwood v. State,* supra; *Roddenberry v. State,* supra; and, *Crosby v. State,* supra. Consequently, this enumeration of error is without merit.

### III.
### Included Offenses.

Appellant argues that the offense of possession of heroin is included in the offense of the sale of heroin, and therefore his conviction of possession violates the Double Jeopardy Clauses of the United States and Georgia Constitutions as well as Code Ann. §§ 26-505 and 26-506. This contention is without merit. As a matter of law, the crime of illegal possession of heroin is not included in the crime of illegal sale of heroin. See *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974). In contrast to the evidence in *State v. Estevez,* supra, the evidence relied upon by the state in this case to prove possession, to wit, the heroin found taped to the record album covers, was not the same evidence (heroin) used to prove the illegal sale. Consequently, the crime of illegal possession was not included in the crime of illegal sale as a matter of fact. See Code Ann. § 26-505.

### IV.
### Charge to the Jury.

Count 2 of the indictment charged appellant with the sale of heroin. Appellant now contends that it was error for the trial court to charge the jury that, "sale under this Code section includes barter, exchange, gift or offer therefor . . ." At appellant's trial there was not a fatal variance between the allegations in the indictment and the proof adduced by the state. The state's evidence could be interpreted only as a sale by appellant to the "decoy" Davis. Thus, any error which the trial court may have committed in charging the language of the statute irrelevant to the facts of appellant's case was harmless.

### V.
### Effectiveness of Counsel.

Appellant contends that he was denied the effective assistance of trial counsel because his counsel failed to file a timely motion to suppress the fruits of the search of the apartment where appellant resided. The basis of this contention is appellant's assertion that the search was

conducted without a warrant and in violation of his Fourth Amendment rights.

Ironically, appellant also argues in his brief that he was not the lessee of the apartment and had "no control" or possessory power over the narcotics seized by the officers in the apartment. Thus, he raises the question whether he actually has standing to complain of an alleged warrantless search. However, we will examine this enumeration of error on its merits since evidence at appellant's trial indicates the apartment was his residence.

If appellant were aggrieved by an unconstitutional search and seizure, he is entitled to habeas relief on that basis alone (see, *Morgan v. Kiff,* 230 Ga. 277 (196 SE2d 445) (1973)), and the effectiveness of his trial counsel would be questionable. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). But, the burden was on appellant in this habeas proceeding to prove that this alleged violation of his constitutional rights did, in fact, occur. *Jones v. Leverette,* 230 Ga. 310, 311 (196 SE2d 885) (1973); *Sims v. Smith,* 228 Ga. 136, 137 (184 SE2d 347) (1971).

Appellant testified at the habeas hearing that the search was conducted without a warrant. The police officers testified at appellant's earlier trial that they did have a search warrant. Furthermore, the evidence indicated that the search warrant was based upon probable cause and that it was executed within the time prescribed by Code Ann. § 27-306. The habeas court was authorized to give greater credence to the transcript of evidence at appellant's trial than to his testimony at the subsequent habeas hearing in resolving disputed issues of fact. See, *Anglin v. Caldwell,* 227 Ga. 584 (182 SE2d 120) (1971).

Since there is evidence to support the finding of the habeas court that the police searched the apartment pursuant to a valid search warrant, that finding will not be disturbed on appeal. *Williams v. Caldwell,* 229 Ga. 453 (1) (192 SE2d 378) (1972). Appellant has not shown that he was aggrieved by an illegal search and seizure. Thus he has not carried the burden of proving that he did not receive the reasonably effective assistance of counsel at his trial. This enumeration of error is without merit.

## VI.
### Abridgment of Appellant's Rights.

Appellant's last enumeration of error is that he was denied the right to appeal his convictions. This alleged error involves appellant's allegation and testimony that he was never made aware of his right to appeal and that the appeal taken from his convictions was done without his knowledge. The only prejudice appellant claims to have suffered from this allegedly unauthorized appeal is that the errors enumerated in the appeal did not include the contentions which he now urges on habeas corpus.

Since each of appellant's contentions in his application for a writ of habeas corpus has been found to be without merit, it follows that appellant has not suffered any prejudice from the failure to assert these alleged errors in the direct appeal from his convictions. The judgment of the trial court denying habeas corpus relief to appellant and remanding him to custody will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 2, 1975.

Melvin Wilson, Jr., *pro se.*

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.