## 51245. DAVIS v. THE STATE.

WEBB, Judge.

Eugene Davis was indicted for assault with intent to rape (aggravated assault, Criminal Code § 26-1302). Following his conviction and sentence to the maximum imprisonment of ten years, he filed his petition for the writ of habeas corpus in the United States District Court for the Southern District of Georgia, Savannah Division. On November 11, 1974, Judge Anthony A. Alaimo of that court ordered "that unless petitioner Davis is permitted to perfect, with the assistance of appointed counsel, an out-of-time appeal from his conviction in the Brantley County Superior Court within 120 days from the date of the entry of this order, he shall stand discharged from custody." The Attorney General obtained an order from the District Court extending the time period to March 25, 1975, and on March 18 the superior court entered an order granting defendant thirty days to file an out-of-time appeal. Counsel for appeal was appointed and a motion for new trial was made and overruled. This appeal followed.

1. Defendant argues that the federal district court's extension order was obtained ex parte and should be set aside by this court, thus resulting in his discharge under that court's November 11 order. Whether the federal district judge was right or wrong in his orders to the superior court, we are not empowered either to enforce them or to set them aside. Defendant cannot expect this

court to vacate the order of the federal district court whose jurisdiction he initially invoked.

2. At the close of the evidence, and again in the amended motion for new trial, defendant complained that his constitutional rights had been violated because counsel had not been afforded him at the commitment hearing. The trial court refused to grant relief, and error is enumerated thereon.

*State v. Houston,* 234 Ga. 721 (218 SE2d 13) held that the commitment hearing provided for by our statutes is a critical stage of criminal proceedings and that the ruling in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387), rather than the ruling in Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54), was controlling so that the assistance of counsel was required at the commitment hearing. We had previously so held in *Mollins v. State,* 122 Ga. App. 865 (179 SE2d 111), *Dismuke v. State,* 127 Ga. App. 835 (195 SE2d 259) and *Hightower v. State,* 135 Ga. App. 92 (217 SE2d 325). The U. S. Supreme Court in Coleman remanded the case to the Alabama courts to determine whether the denial of counsel was harmless error, stating that "The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under Chapman v. California, 386 U. S. 18 [87 SC 824, 17 LE2d 705, 24 ALR3d 1067] (1967)." 399 U. S. p. 11. Chapman held that the burden was upon the state to demonstrate beyond a reasonable doubt that the constitutional error did not contribute to the conviction, and that before a constitutional error can be held harmless in a state criminal case the reviewing court "must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U. S. 18, 24, supra. The three questions which *Houston,* Coleman and Chapman present here are (a) whether the denial-of-counsel point was raised at the appropriate time; (b) whether the error was harmless under Chapman standards; and (c) whether the granting of a new trial is sufficient relief.

(a) Normally pleas in abatement or special pleas in bar, however designated, cannot be made as late as the close of the evidence. See the cases cited in Judge Evans' special concurrence to *Douglas v. State,* 132 Ga. App. 694

(209 SE2d 114). However, since under Chapman the reviewing court must be able to declare its belief that the error did not contribute to the conviction ·and was harmless beyond a reasonable doubt, there must first be a conviction before the determination can be made. Our Supreme Court so held in *Houston,* reversing our holding in *State v. Houston,* 134 Ga. App. 36 (213 SE2d 139), where we ruled upon the merits of the pre-trial motion. However, the issue cannot successfully be raised in a post trial habeas corpus proceeding. Cf. *Wilson v. Hopper,* 234 Ga. 859 (218 SE2d 573). Since an accused is entitled to counsel at the preliminary hearing, it is our view that the state must afford an opportunity for the issue to be raised. Under *Houston,* before trial is too early; under *Wilson,* post trial habeas corpus is too late. We therefore hold that the issue may be (and must be) raised at the first opportunity the determination can be made — in the motion for new trial, or, if the appeal is from the judgment of conviction and sentence, in the enumeration of errors on appeal. Of course a sufficient record should be made to allow the determination.

(b) The state has failed to make any showing as to whether the denial of counsel did or did not contribute to the conviction, and it is impossible for us to declare, under the present state of the record, that the error was harmless beyond a reasonable doubt. On the contrary it may well be that had counsel been provided, impeaching testimony could have been elicited from witness Marie Screen, the purported victim, upon whose testimony the state's case rested. Had her testimony been discounted by the jury, no conviction could have resulted. Since we cannot hold the constitutional error harmless, we must presume that it was harmful. *Mollins v. State,* 122 Ga. App. 865, 866, supra.

(c) A more difficult question is presented as to the relief to which defendant is entitled. Compare the dispositions made in *Mollins v. State,* 122 Ga. App. 865, supra; *Dismuke v. State,* 127 Ga. App. 835, supra; *Hightower v. State,* 135 Ga. App. 92, supra, and Coleman v. Alabama, 399 U. S. 1, supra. See also *Manor v. State,* 221 Ga. 866 (148 SE2d 305) and *Middlebrooks v. State,* 135 Ga. App. 411 (218 SE2d 110) (cert. granted Sept. 18,

1975, Sup. Ct. No. 30344).

It appears that the choice must be made between (1) quashing the indictment and remanding for a new commitment hearing, with benefit of counsel, with new trial to follow, or (2) simply reversing for a new trial. Coleman v. Alabama, which remanded to the state court for a determination as to "whether the convictions should be reinstated or a new trial ordered," indicates the way by pointing out the advantages of counsel at the hearing: "Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross examination of witnesses may expose fatal weaknesses in the state's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross examination of the state's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the state has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." 399 U. S. p. 9.

It will be observed that the first and fourth issues — whether the defendant should be bound over, and whether there should be an early psychiatric examination or bail—are now moot. Likewise, as to the second there is no suggestion that testimony favorable to the accused has been lost, and in any event it could not now be retrieved by either of the alternatives of remanding for a new commitment hearing or reversing for a new trial. This leaves for discussion the following purposes for the assistance of counsel at the commitment hearing—to fashion an impeachment tool, and to discover the state's case against the accused.

It is our view that the trial in chief below, had with the assistance of counsel, will quite adequately serve for impeachment and discovery purposes and will substitute

for the defective commitment hearing. The state's witnesses, including Marie Screen, have now fully testified and can be impeached by cross examination on a retrial. Similarly, we know of no better discovery method than a full-blown trial, and defendant has now discovered the case against him. We hold, therefore, that the trial in chief appealed from, where defendant had the benefit of counsel, now stands in place of the defective commitment hearing. Consequently there is no need to remand for a new commitment hearing. The new trial which we here order will become the trial in chief with all questions as to the commitment hearing standing resolved. Accord, *Maddox v. State,* 136 Ga. App. 370 (6).

3. At the pre-sentence hearing held before the jury under prior Code Ann. § 27-2534, evidence of guilty pleas to two misdemeanor offenses was admitted over objection. Defendant was not represented by counsel when the pleas were entered, and the record does not show a waiver of the right to counsel. In *Houser v. State,* 234 Ga. 209, 214 (15) (214 SE2d 893), the Supreme Court extended the right-to-counsel ruling of Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) to prior misdemeanor convictions introduced during the sentencing phase to increase punishment. Under that ruling the admission of the pleas was error. Contrary holdings of this court in *Stonaker v. State,* 134 Ga. App. 123 (6) (213 SE2d 506) and *Morgan v. State,* 135 Ga. App. 139, 142 (6) (217 SE2d 175) (cert. granted Sept. 19, 1975, Sup. Ct. No. 30282) can no longer be followed in the face of *Houser.* Accord, *Dent v. State,* 136 Ga. App. 366 (7).

4. Enumeration 6 complains that the court erred at the pre-sentence hearing in admitting a guilty plea to a former crime because it contained inconsistent dates pertaining to the charge in the indictment. It is contended that, in the absence of explanatory instructions by the court, it appeared to the jury that there were two, rather than one, crimes committed. Should this matter come up again the judge will sentence (Code Ann. § 27-2503), and he is not likely to be misled.

5. The evidence authorized, but did not demand, the guilty verdict.

6. Remaining enumerations need not be passed

upon.

*Judgment reversed. Pannell, P. J., Deen, P. J., Clark, Stolz and Marshall, JJ., concur. Bell, C. J., Quillian and Evans, JJ., dissent.*

SUBMITTED OCTOBER 6, 1975 — DECIDED NOVEMBER 25, 1975.

*Dennis J. Strickland,* for appellant.
*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.

BELL, Chief Judge, and QUILLIAN, Judge, dissenting.

We dissent for exactly the same reasons expressed in the dissent in *Moye v. State,* 127 Ga. App. 338, 342 (193 SE2d 562).

EVANS, Judge, dissenting.

The defendant in this case did not file a motion for new trial or any other appeal within the time allowed by law. This court has consistently held, time without number, that an appeal that is *not timely filed,* must be dismissed or affirmed. See Code Ann. §§ 6-702, 6-803, 70-303; *Lee v. State,* 124 Ga. App. 492 (184 SE2d 229); *Harris v. State,* 225 Ga. 458, 461 (2) (169 SE2d 331); *Williams v. State,* 112 Ga. App. 566 (145 SE2d 765); *Smith v. Smith,* 113 Ga. App. 111 (2, 3) (147 SE2d 466); *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530). Is there any reason why we should treat this case differently? As hundreds of defendants who have suffered an affirmance or dismissal of their appeals at our hands, because they were not timely filed, are we to treat this defendant differently, and if so, why should we make a difference and treat this as a special case, not subject to the rule of dismissal because of untimeliness in filing his appeal?

Here the defendant has gone into the United States District Court for the Southern District of Georgia, and that court has assumed the authority of, in effect, ordering this court to allow the filing of an appeal by this defendant (despite the fact that he did not file an appeal within the time required by law) or the District Judge will, after the passage of 120 days, order defendant discharged from custody, — in other words, "turn him loose."

If the United States District Court — any United States District Court — has superior jurisdiction to the Court of Appeals of Georgia, I am not aware of it. I am not ready to bend the knee to the United States District Court by allowing the filing of an appeal by a defendant after the lawful time has expired, on penalty of seeing a convicted defendant turned out of prison by the District Judge of the United States Court. As one Judge of this court, I do not intend to be dictated to by the United States District Court and told to treat this defendant with "kid gloves," and give him special consideration, and allow him to file his appeal now when he has not filed his appeal within the time required by law. I intend to treat him just as we have treated all other defendants in this posture.

It is obvious that the defendant here has used a habeas corpus court as a substitute for a writ of error, or appeal. The Supreme Court of Georgia and the United States Supreme Court have held many, many times that this cannot be done. Glasgow v. Moyer, 225 U. S. 420 (32 SC 753, 56 LE 1147); Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461); Larson v. United States, 364 U. S. 858 (81 SC 38, 5 LE2d 44); *Atkins v. Martin,* 229 Ga. 815 (194 SE2d 463); *Wright v. Caldwell,* 229 Ga. 817 (194 SE2d 441); *Green v. Caldwell,* 229 Ga. 650 (193 SE2d 847); *Martin v. Ault,* 229 Ga. 594 (193 SE2d 613); *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605); *Nelson v. Smith,* 228 Ga. 117 (184 SE2d 150); *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101); *Moore v. Dutton,* 223 Ga. 585 (157 SE2d 267); *Buxton v. Brown,* 222 Ga. 564 (150 SE2d 636); *Archer v. Grimes,* 222 Ga. 8 (148 SE2d 395).

Only once before within my memory has this kind of situation arisen in this court, and I refer to my dissent in *Moye v. State,* 127 Ga. App. 338, 342 (193 SE2d 562).

It is the duty of the Court of Appeals of Georgia to face up to its responsibility and render the same judgment here that we have rendered in hundreds of others — that is — not consider the motion for a new trial because the appeal was filed too late. We have our duty; the United States District Court has its duty. If the United States District Court has the authority and inclination to turn a hundred or a thousand prisoners out of confinement *unless the Court of Appeals of Georgia allows the late filing*

*of appeals by defendants who did not file an appeal within the time required by law,* then I say let that court face up to its duty and proceed full speed ahead. I intend to face up to my duty and definitely and positively refuse to vote to allow the late filing of an appeal by this defendant, the judgment of the United States District Court for the Southern District of Georgia notwithstanding.