## 57395. MYERS v. THE STATE.

BIRDSONG, Judge.

Defendant was convicted of distributing obscene material by selling a magazine entitled "Brats" in violation of Code § 26-2101, and he has appealed. *Held:*

1. At the close of the evidence, defendant moved for a directed verdict of acquittal. The motion was denied. An Atlanta police officer testified that he saw defendant sell to a third party, one Coffey, a magazine entitled "Brats," for $7.50 at Rhett's Bookstore in Atlanta. The magazine depicted child pornography.

Defendant, testifying in his own behalf, denied the sale. His version of this incident was that Coffey, whom he had previously known, came into the store and asked defendant to give him a paper box with its contents which then reposed in a filing cabinet; that he complied with the request; that he did know what the box contained; that Coffey at the time gave him $5 in repayment of a debt; and that he denied selling anything to Coffey. The above dispute raised an issue of fact for a jury to resolve as to whether there was a sale, and the jury resolved it against defendant. The evidence offered by the state authorized the conviction of selling obscene material. Defendant did not at trial nor does he now on appeal contend that magazine was not obscene under applicable law. See *Ballew v. State,* 138 Ga. App. 530 (227 SE2d 65). As the evidence authorized the guilty verdict, it was not error to deny the motion for directed verdict.

2. The third party, Coffey, who actually made the purchase had been previously given $10 by the police to make the purchase of the magazine. Coffey was not called as a witness, but he was listed on the list of witnesses furnished defendant. Under Georgia law, Coffey was a "decoy" and by disclosing his identity, the state fulfilled its obligation to defendant and was not under any obligation to produce him for trial. *Wilson v. Hopper,* 234 Ga. 859 (218 SE2d 573).

3. Defendant did not raise the defense of entrapment as he denied that he committed the crime charged. *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335). Therefore, as this defense was not raised by the evidence,

there was no error in not instructing the jury on entrapment.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 13, 1979.

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Leonard W. Rhodes, Assistant Solicitors,* for appellee.