## 63176. STILLWELL v. THE STATE.

DEEN, Presiding Judge.

Shirley Stillwell appeals from her conviction of attempted shoplifting contending that the trial court erred in sentencing her to serve three months in confinement followed by nine months on probation. *Held:*

During the sentencing phase of the trial, the court was informed that Stillwell had three prior convictions for shoplifting which resulted in a combination of fines and probated sentences. The attorney objected to the court's consideration of the prior offenses in determining sentence for this fourth offense because she was unrepresented by counsel when her guilty pleas were entered. An examination of certified copies of her prior sentences shows a waiver of her right to counsel. During sentencing, the trial court ruled: "[B]ased on the jury verdict and finding you guilty of attempted shoplifting and based on the three prior offenses where you plead or had been found guilty and sentenced to a fine and probation, I am going to sentence you for a term of — require you to serve three months in the public works camp or other facility and following that you are to serve the remaining nine months on probation. So, a total of twelve months, to serve three."

Appellant contends that the trial court erred in ruling that a defendant in a misdemeanor criminal prosecution is entitled to counsel only where the defendant is sentenced to actual imprisonment. This ruling is correct. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972); Scott v. Illinois, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979); *Houser v. State,* 234 Ga. 209 (214 SE2d 893) (1975).

The sole question for decision, therefore, is whether the court erred in considering the defendant's prior misdemeanor convictions in imposing sentence. This court held in *Davis v. State,* 136 Ga. App. 749, 753 (222 SE2d 188) (1975), that "[i]n *Houser v. State,* 234 Ga. 209, 214 (15) (214 SE2d 893), the Supreme Court extended the right-to-counsel ruling of Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) to prior misdemeanor convictions introduced during the sentencing phase to increase punishment. Under that ruling the admission of the pleas was error." An examination of the record in the *Davis* case shows that the defendant's prior misdemeanor conviction (where he entered a guilty plea without benefit of counsel) was for criminal trespass and he received twelve months to serve. Accord, *Dent v. State,* 136 Ga. App. 366 (221 SE2d 228) (1975) where the defendant had entered several prior guilty pleas to misdemeanors and was sentenced to serve six months for one offense and twelve months for each of the other two offenses.

In the present case, the defendant did not receive any time to serve as a result of her prior guilty pleas so the question remains as to whether the recent Supreme Court holding in Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980), is applicable in her case. We think not. That *per curiam* decision held that while an uncounseled misdemeanor conviction which does not result in the incarceration of the defendant is not unconstitutional, this conviction may not be used under an enhanced penalty statute to convert a subsequent misdemeanor offense into a felony with a sentence to a term in prison. In his concurring opinion, Justice Marshall pointed out that the defendant's first conviction was for shoplifting three packages of bacon which resulted in a fine and probation was constitutionally valid under Scott v. Illinois, supra, but it was invalid when used to elevate a subsequent conviction for a second shoplifting offense from a misdemeanor to a felony under an Illinois statute which permitted enhancement for a second offense with punishment to be a prison term of one to three years. Marshall applied a "but for" test and found that but for the prior conviction the defendant could not have been sentenced to more than one year for the second offense.

Code Ann. § 26-1802.1 (Ga. L. 1978, pp. 2257, 2258), theft by shoplifting, provides: "(b) (1) A person convicted of the crime of theft by shoplifting, as provided in subsection (a) above, when the property which was the subject of the theft is $100 or less in value, shall be punished as for a misdemeanor: Provided, however, that (A) upon conviction of a second such offense, in addition to or in lieu of any imprisonment which might be imposed, the defendant shall be fined not less than $250 and such fine shall not be suspended or probated; (B) upon conviction of a third such offense, in addition or in lieu of any fine which might be imposed, the defendant shall be punished by imprisonment for not less than 30 days and such sentence of imprisonment shall not be suspended, probated, deferred or withheld; (C) upon conviction of a fourth or subsequent such offense, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than ten years and the first year of such sentence shall not be suspended, probated, deferred or withheld."

In the present case, it is contended the defendant was convicted of her fourth offense, and the court sentenced and punished her under an enhancement statute under subsection (b) (1) (B) above. While Baldasar v. Illinois, supra, is dealing with a situation almost analogous to subsection (b) (1) (C) above, it cannot be said here that the defendant's prior convictions were considered to enhance her sentence to a mandatory sentence of imprisonment. Code Ann. § 26-1802.1 is applicable only upon conviction of the *completed crime of shoplifting* and does not provide punishment for the conviction of *criminal attempt.* The defendant was found guilty of "attempted shoplifting" and sentenced to serve three months in confinement followed by nine months on probation. A person convicted of criminal attempt to commit a misdemeanor shall be punished as for a misdemeanor. Code Ann. § 26-1006. The sentence given defendant did not exceed that which could have been imposed upon a first-time misdemeanor offender.

The sentences for these three previous misdemeanors imposed fines and probation upon the defendant but did not provide for imprisonment. For this reason the prior convictions do not appear to be constitutionally invalid because of the denial of assistance of counsel. The trial court was, in our opinion, authorized to consider these convictions for the purpose of deciding whether to stay, suspend, or probate all or some of the sentence imposed in this case. Code Ann. § 27-2709. This is not a case where the prior offenses were used to impose an increased term of imprisonment upon the defendant or increase the punishment from a misdemeanor to a felony.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided February 10, 1982.

*Nisbet S. Kendrick III,* for appellant.
*Herbert Rivers, Solicitor,* for appellee.