## 64119. EASON v. THE STATE.

POPE, Judge.

Harry Trent Eason brings this appeal from his conviction of armed robbery. In addition to challenging the sufficiency of the evidence to support the verdict, defendant Eason enumerates as error the trial court's denial of his motion to suppress and the denial of his petition for a writ of habeas corpus. *Held:*

1. The victim of the armed robbery identified defendant as the perpetrator of the crime. Defendant's fingerprints were found on the proceeds of the robbery. Defendant was identified by others as the man who used the victim's identification and credit cards to make purchases. The evidence presented against defendant at trial was overwhelming. Any rational trier of fact could have found defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant was arrested while driving a 1980 Buick through Arizona. Prior to stopping defendant, an Arizona Highway Patrolman requested a license check on the Buick. Defendant was stopped only after the patrolman was informed that the license plate attached to the Buick was registered to a 1978 Mercury. The patrolman testified that having a license on a vehicle to which it is not registered is a misdemeanor in Arizona. Therefore, probable cause existed for stopping defendant, and the trial court did not err in denying his motion to suppress on this ground. See Delaware v. Prouse, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979).

3. Defendant filed a pre-trial motion entitled "Petition for Writ of Habeas Corpus" by which he sought his release from custody and dismissal of the armed robbery indictment against him. He based his motion on the state's alleged failure to follow the proper procedure for extraditing him from Arizona to Georgia. "If the pre-trial motion is considered a 'petition for writ of habeas corpus,' it would relate to the pre-trial, and not post-conviction confinement. The writ of habeas corpus is available to test present confinement only and any question presented by such motion, if treated as a writ of habeas corpus, becomes moot upon the conviction. . . . Properly construed, the pleading is a pre-trial motion in the case wherein the defendant was later convicted and not a petition for writ of habeas corpus. Accordingly, the Court of Appeals and not the Supreme Court has

jurisdiction of the appeal." *Dismuke v. State,* 229 Ga. 347, 348 (190 SE2d 915) (1972). Under the circumstances in this case, the issue raised by defendant's pre-trial "Petition" is moot.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided October 27, 1982 —
Rehearing denied November 15, 1982 —

*Robert L. Barr, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Assistant District Attorneys,* for appellee.