### 45705. MOLLINS v. THE STATE.

DEEN, Judge. State appellate court cases holding that a commitment hearing in a criminal case is not a critical stage of the proceedings (*Molignaro v. Balkcom,* 221 Ga. 150 (143 SE2d 748); *Moore v. State,* 113 Ga. App. 738 (149 SE2d 492)) are superseded by the holding in Coleman v. Alabama, 399 U. S. 1, 9 (90 SC 1999, 26 LE2d 387): "Plainly, the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of

witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that. case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." In the Coleman case the case was remanded for such proceedings as the State court might deem appropriate to determine whether the denial of counsel was harmless error or whether a new trial should be ordered. We can only take such a determination of the question to mean that the denial of counsel is presumptively harmful, since otherwise it would be necessary for the appellant to have shown injury in the first instance. This would place the burden on the State, at a hearing held by the trial court for that purpose, to establish, first, what proceedings were had at the commitment hearing, and, secondly, that such proceedings did not prejudice his fair trial rights before the jury. Justice Stewart, dissenting, made the following observation: "No record or transcript of any kind was made of the preliminary hearing. Therefore, if the burden on remand is on the petitioners to show that they were prejudiced, it is clear that that burden cannot be met, and the remand is a futile gesture. If, on the other hand, the burden is on the State to disprove beyond a reasonable doubt any and all speculative advantages that the petitioners might conceivably have enjoyed if counsel had been present at their preliminary hearing, then obviously that burden cannot be met either, and the court should simply reverse these convictions. All I can say is that if the Alabama courts can figure out what they are supposed to do with this case now that it has been remanded to them, their perceptiveness will far exceed mine." Id. p. 29. Some slight physical precedent exists in *Smith v. Fuller,* 223

Ga. 673 (157 SE2d 447) where on habeas corpus the trial judge remanded a convicted murder indictee for new trial on a showing that the defendant had entered a guilty plea at a preliminary hearing without benefit of counsel but the Supreme Court reversed on the now unavailable ground that such a hearing was not a critical stage of the proceedings.

Under *Code* § 6-1610 this court has authority to give such direction to the cause as may be consistent with law and justice. We accordingly remand the case to the trial court for further proceedings with direction that if the appellant should file a motion to that effect within 10 days after the remittitur from this court is received by the trial court, the trial court shall hold a hearing and make a ruling from the evidence then presented as to whether the defendant suffered prejudice on the trial of his case as a result of the failure to provide counsel at the commitment hearing. Should the trial court so find, it is directed to order a new trial in this case; otherwise, the conviction shall stand affirmed.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*
ARGUED OCTOBER 8, 1970—DECIDED NOVEMBER 18, 1970.

*Smith, Gardner, Wiggins, Geer & Brimberry, Chas. F. Hatcher,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.