49950. UNITED FAMILY LIFE INSURANCE
COMPANY v. DeKALB COUNTY.

EVANS, Judge.

On October 28, 1971, Charles E. Berger executed a promissory note payable to United Family Life Insurance Company in the amount of $225,000. This note in addition to the usual interest requirements provided for a prepayment of interest, but not for five years, and for interest at 5%, declining 1/2 of 1% each year thereafter. A loan deed to property in DeKalb County was executed simultaneously with this note.

DeKalb County filed condemnation proceedings against the property on July 25, 1974, to obtain the property for a system of public transportation of passengers for hire by the Metropolitan Atlanta Rapid Transit Authority, commonly known as MARTA. United Family Life was served as was the owner and others having an interest in said condemnation funds. United Family Life answered and asserted its entitlement to the outstanding balance of the loan ($217,633.44), interest due ($3,398.42), and *prepayment interest penalty* of

$48,162.44 because of the exercise of the prepayment privilege in the contract. The parties stipulated that the above calculations were correct, including the amount as to prepayment privilege provided same was allowed.

A special master heard the matter and an award was made to Berger and other defendants for the sum of $275,000, of which sum the master awarded to United Family Life the principal and interest shown above, but, did not award future interest or the prepayment sum of $48,162.44, which United Family Life contends were due instantly with the prepayment of the note.

United Family Life excepted to the award of the master; judgment was entered upon said award in the Superior Court of DeKalb County and the sums awarded were paid into court. The Superior Court of DeKalb County denied the exceptions filed by United Family Life, and entered a final order on the award. *Held:*

1. The sole question in this case is whether or not United Family Life was entitled to the prepayment interest penalty in the amount of $48,162.44.

A constitutional exercise of eminent domain is not deprivation of property but a compulsory exchange of one kind of property for money, or an exchange of equivalent values. *Young v. McKenzie,* 3 Ga. 31 (2); *City of Atlanta v. Airways Parking Co.,* 225 Ga. 173, 175 (167 SE2d 145). The power of eminent domain cannot be divested through contracts, and its exercise in no wise interferes with the inviolability of contracts since the taking is not an impairment of the obligation of the contract, and compensation replaces the property taken. *City of Atlanta v. Airways Parking Co.,* 225 Ga. 173 (1), 175, supra.

2. United Family Life contends that in the taking of this property the prepayment penalty amount was an element of damage, and there should have been awarded a sum equivalent to the prepayment amount in addition to the sum awarded. We find no Georgia decisions on this question, but our sister states have held that the prepayment penalty is not an element of damage to be considered in awarding judgment for incidental damages. Knoxville Housing Authority v. Bush, 56 Tenn. App. 464 (408 SW2d 407); Associated Schools, Inc. v. Dade County, 209 S2d 489 (Florida); Shavers v. Duval County, 73 S2d

684 (Florida). The Tennessee Court of Appeals holds that incidental damages are created by statute and can be awarded only where the pecuniary injury to condemnee is embraced within the legislative enactments. In that case, the Tennessee statute did not provide for such payment, and the court held the condemnor was not liable to the holder of the loan deed in damages for a prepayment privilege provided for in the contract.

3. In Jala Corp. v. Berkeley Savings & Loan Assn., 104 N.J. Super. 394 (250 A2d 150), the Superior Court of New Jersey, Appellate Division, holds that the borrower in a condemnation proceeding, did not voluntarily exercise any right to pay off the balance of the indebtedness and the prepayment clause of the note did not contemplate *condemnation* when the note was written, and that hence the involuntary taking through exercise of eminent domain as to the property, and the substitution of other value, did not entitle the lender to any prepayment charge in the determination of its share of the amount paid into court. The New Jersey court cited the above Florida decisions.

4. Here, United Family Life seeks payment from the funds paid into court by the condemnor. Unless such funds are to be paid or reimbursed by the Federal Government (see Division 5 hereafter) United Family Life can not prevail in this position, as our statutes do not provide for such payments under eminent domain; and such payments are not regarded as a part of the fair market value of the property taken.

5. However, we are bound by the Georgia Relocation Assistance and Land Acquisition Policy Act of 1973 (Ga. L. 1973, pp. 512, 513; Code Ann. § 99-3702 et seq.), and in particular by Code Ann. § 99-3705 which is as follows: "The Several Public Entities are hereby authorized to *and shall make or approve* the payments required by Section 305 (2) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Public Law 91-646, 91st Congress, approved January 2, 1971, *for expenses incident to the transfer of real property acquired by any of the Several Public Entities, prepayment of mortgage penalties, . . .* on real property acquired by any of the Several Public Entities from any person . . . displaced

4

by Federal-aid public works projects in the State, the costs of which are now or hereafter financed in whole or in part from federal funds allocated to any of the Several Public Entities." Ga. L. 1973, pp. 512-514. (Emphasis supplied.)

We are confronted with and must consider two orders and judgments of the Superior Court of DeKalb County which are somewhat inconsistent. The first one is dated August 8, 1974, and provides: "It is further provided and is the finding of this court that the condemnor, DeKalb County, in filing this complaint for condemnation did so pursuant to its contractual agreement and at the instance and request of the Metropolitan Atlanta Rapid Transit Authority (MARTA). That under the Uniform Relocation and Real Property Acquisition Act of 1970, Public Law 91-646, MARTA may be required to reimburse property owners for prepayment penalties to the extent to which a security deed holder may be entitled to recover such penalties, and that these reimbursements shall be made as required by law. That in the event that such penalties are required by law to be paid, the same shall be an expense of the taking by the condemnor."

Then another order was made on August 27, 1974, which denied to United Family Life any right to recover the prepayment penalty.

Thus, it appears that the Superior Court of DeKalb County did not know whether the funds in this case are being paid by or are to be reimbursed by the Federal Government; that if they are, then United Family Life is entitled to the prepayment penalty; but its final order in effect rubs out the earlier order and denies to United Family Life any right to recover the prepayment penalty.

We are impressed with the correctness of the order and judgment of August 8, 1974, except that it does not make a clear determination as to whether the Federal Government supplies the funds for payment. This is a grave matter, and acting under our powers so to do (see Code § 6-1610; *Holden v. CTC Finance Corp.,* 112 Ga. App. 443 (145 SE2d 597); *Mollins v. State,* 122 Ga. App. 865, 867 (179 SE2d 111)), we remand this case to the superior court with direction that a determination be made as to whether the funds involved here have been or will be paid

or reimbursed by the Federal Government; and having made that determination to render its final order on the prepayment penalty question subject to the right of appeal by the losing party.

*Remanded with direction as to determination of expenses. Pannell, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED JANUARY 29, 1975 — REHEARING DENIED FEBRUARY 14, 1975 —

*Heyman & Sizemore, William H. Major, William B. Brown, Benjamin H. Oehlert, III,* for appellant.

*Harvey, Willard & Elliott, Wendell K. Willard, Huie, Brown & Ide, Charles N. Pursley, Jr.,* for appellee.