## 50620. HIGHTOWER v. THE STATE.

DEEN, Presiding Judge.

Hightower spent forty-five days in jail awaiting a commitment hearing following his arrest on July 1, 1973, and a total of 85 days in jail prior to his trial on November 16. He was unable to make a $9,200 bond set on July 8, and was first provided with counsel on September 19, over a month after the commitment hearing. By that time two eyewitnesses to the shooting for which he was being held on an aggravated assault charge had apparently disappeared. He contends that he did not waive, or at least did not knowingly and understandingly waive either right to counsel or right to be brought before an examining magistrate within 72 hours as provided by Code Ann. § 27-210. He was indicted on September 17, also prior to appointment of counsel, and the latter's motion to quash the indictment was heard and denied on October 9. *Held:*

1. Code Chapter 27-4 relating to courts of inquiry unmistakably requires an adversary proceeding in the first instance to determine whether there is probable cause to bind the defendant over to the grand jury on a felony charge. In particular, the first sentence of Code § 27-403, which has been the law since our original Code of 1863, requires: "A reasonable time shall be given to the defendant or prosecutor for the preparation of his case, and *in no event shall the defendant be forced to trial without the aid of counsel,* if there be a reasonable probability of his securing counsel without too great delay." (Emphasis supplied.) This refers not to trial on the merits but to the commitment hearing only, as shown by its original codification as § 4613 of Article III, "Of Courts of Inquiry" of the Penal Code of 1863.

2. It may be judicially noted that the commission drafting the original Code of Georgia under the Codification Act approved December 19, 1858 studied and was to some extent influenced by Alabama jurisprudence prevailing at the time. Examination of our inquiry courts system as codified in Code Chapter 27-4 and that of Alabama codified under Title 15, Chapter 6 of the Alabama Code, shows many striking similarities. Although Alabama law did not spell out explicitly the need for counsel, the Supreme Court held in Coleman v. Alabama, 399 U. S. 1 that the Alabama procedure for committal hearings is an adversary procedure and that the "guiding hand of counsel" is an essential fair trial right of the defendant.

3. Gerstein v. Pugh, —— U. S. —— (95 SC 854, 43 LE2d 54) in no way undercuts Coleman, although it does fix the boundaries of the decision. Gerstein, dealing with a Florida statute, made the double holding that, while the prosecutor's assessment of probable cause without more is insufficient to justify restraint of liberty pending trial, nevertheless, where a determination of probable cause can be made by a judicial officer informally and without an adversary hearing (the procedure followed in Florida) the probable cause determination is not such a critical stage in the prosecution as to require appointed counsel. It limned the distinction between Florida and Alabama procedures, and elaborated: "A full [adversary]

preliminary hearing . . . is modeled after the procedure used in many states to determine whether the evidence justifies going to trial under an information or presenting the case to a grand jury. See Coleman v. Alabama, 399 U. S. 1. . . In Coleman v. Alabama where the court held that a preliminary hearing was a critical stage of an Alabama prosecution, the majority and concurring opinions identified two critical factors that distinguish the Alabama preliminary hearing from the probable cause determination required by the Fourth Amendment. First, under Alabama law the function of the preliminary hearing was to determine whether the evidence justified charging the suspect with an offense. A finding of no probable cause could mean that he would not be tried at all. The fourth Amendment probable cause determination is addressed only to pretrial custody. To be sure, pretrial custody may affect to some extent the defendant's ability to assist in preparation of his defense, but this does not present the high probability of substantial harm identified as controlling in Wade and Coleman. Second, Alabama allowed the suspect to confront and cross-examine prosecution witnesses at the preliminary hearing. The Court noted that the suspect's defense on the merits could be compromised if he had no legal assistance for exploring or preserving the witnesses' testimony. This consideration does not apply when the prosecution is not required to produce witnesses for cross-examination." 43 LE2d 68, 70.

It is thus obvious that Coleman is still the law, and that, as to proceedings of an adversary nature such as Alabama used and Georgia uses, the commitment hearing is a critical stage in the criminal justice scheme for which counsel must be appointed for the indigent defendant.

3. From the facts before us in this case it appears highly likely that Hightower's defense could have been significantly prejudiced. Not only did he remain illegally imprisoned without counsel for an extended period; not only may he have suffered at the hearing itself from lack of a lawyer to cross examine witnesses and produce evidence, and thereafter because of lack of a transcript, but it seems undisputed that two eyewitnesses have in

fact vanished who, had immediate investigation tracked, would certainly have been of service to one side or the other.

4. This court first held in *Mollins v. State,* 122 Ga. App. 865 (179 SE2d 111) that under Coleman the defendant was entitled to a hearing at the trial level to determine whether his rights had been prejudiced by lack of counsel. Thereafter, in *Dismuke v. State,* 127 Ga. App. 835 (195 SE2d 259) where a motion for appointed counsel at the preliminary hearing was overruled, this court reversed and remanded with direction to quash the indictment, set aside the verdict, and grant a new commitment hearing. Finally, in *State v. Houston,* 134 Ga. App. 36 (213 SE2d 139), the indictment was quashed on motion at the trial level for lack of counsel and this court affirmed. *Houston* was based on Sixth Amendment principles as enunciated in Johnson v. Zerbst, 304 U. S. 458. Johnson was dealing with counsel at trial, counsel having in fact been provided at the preliminary hearing. Gerstein v. Pugh (slipsheet pp. 19, 20, 22) limits its constitutional holdings to Fourth Amendment principles. In Coleman there is some ambiguity as to whether the majority of the court is talking about Sixth Amendment rights or fair trial rights generally. (See concurring opinion of Black, J., 399 U. S. 11). The question may well be of importance, since in Johnson v. Zerbst the right to counsel question is held to be jurisdictional, with the burden on the defendant after conviction to show that he did not intelligently and knowingly waive counsel as a matter of fact.

5. Unfortunately, all we know of the preliminary hearing in the case at bar consists of hearsay statements by counsel for the defendant or what his client told him versus counterstatements, admittedly without knowledge of the true facts, by the district attorney. No evidence, unless such statements be considered, was presented on the motion to quash the indictment. Under the circumstances there was insufficient evidence before the trial court to make an informed determination of the issue. Both sides contend that the burden was on the other side to see that this was done; it is the state's position that the movant must show error, and the defendant's that

once he has shown there was no representation by counsel the presumption arises that the defendant's rights have been violated, and the burden to show waiver or estoppel remains upon the party urging it.

In view of the importance of the issue here we hold that the judgment as entered was error. The case is accordingly reversed and remanded for further action not inconsistent with this opinion.

*Reversed and remanded. Evans, J., concurs. Stolz, J., concurs specially.*

ARGUED APRIL 30, 1975 — DECIDED MAY 20, 1975 — REHEARING DENIED JUNE 13, 1975 — 

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.

STOLZ, Judge, concurring specially.

I concur in the majority opinion. The facts in this case graphically illustrate the need for counsel to be appointed to represent the indigent accused as soon as possible after the accused is deprived of his liberty. In the case sub judice, the alleged assault and the defendant's arrest occurred on July 1, 1974. Bond was set on July 4, 1974, but on that date an "Open Court date" was filed, the effect of which was to deny the defendant a bond for up to another seventy-two hours. A preliminary hearing was scheduled for July 8, 1974, but the state's witnesses did not appear and the case was continued until July 23, 1974. The preliminary hearing was again continued and reset for August 8, 1974. On this latter date, the state's witness did not appear and the hearing was again continued until August 12, 1974. This last date came and went without the defendant's being brought into court. The preliminary hearing was finally held on August 15, 1974, at which the defendant was bound over to the grand jury and bond was set at $3,000. The defendant was indicted on September 17, 1974. Counsel was finally appointed for the defendant on September 19, 1974. A period of forty-six days elapsed from the defendant's arrest to preliminary hearing. An

additional thirty-five days passed before the defendant was appointed counsel — some eighty-one days following his arrest.

In view of the decisions of the United States Supreme Court in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1969) and United States v. Ash, 413 U. S. 300 (93 SC 2568, 37 LE2d 619), it is difficult to understand how the state can contend that the preliminary hearing is not a "critical stage" so as to entitle the accused to have counsel appointed.

It cannot be seriously disputed that the accused is entitled to counsel during any custodial interrogation. Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977) (1963); Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1965). Custodial interrogation has been defined as after a person is taken into custody or otherwise deprived of his freedom of action in any significant way. If an individual is entitled to counsel prior to formal arrest when confronted with the adversary criminal process (interrogation) (see United States v. Ash, supra), it seems only fair and logical that the accused would be entitled to counsel after formal arrest, when again confronted with the adversary criminal process.