I am authorized to state that Justice Ingram joins in this dissent.

## 30215. THE STATE v. HIGHTOWER.

HILL, Justice.

The matter of commitment hearings and the right to counsel at those hearings are pressing questions before this court. Since we decided *State v. Houston,* 234 Ga. 721 (218 SE2d 13) (1975), on July 2, 1975, five cases involving these questions have come before us.[1]

In this case certiorari was granted to review the decision of the Court of Appeals in *Hightower v. State,* 135 Ga. App. 92 (217 SE2d 325) (1975), in light of *State v. Houston,* supra. In *Hightower,* the Court of Appeals reversed the trial court's overruling of a motion to quash the indictment and remanded for a determination of whether the defense was significantly prejudiced because counsel was not provided at the commitment hearing.

---

[1]In *State v. Middlebrooks,* 236 Ga. 52, there was no commitment hearing. Three of these cases involve the right to counsel: *Tarpkin v. State,* 236 Ga. 67, *Hannah v. Stone,* 236 Ga. 65, and this case. See also *Casteel v. State,* 235 Ga. 804.

In *State v. Houston,* supra, this court held that a commitment hearing is a critical stage of the criminal proceedings, and as such the defendant is entitled to counsel. However, since there had not yet been a trial in *Houston,* no harmful error had been shown to have resulted from his not being provided with counsel at the commitment hearing. We held that the indictment was improperly quashed by the trial court.

Two questions not reached in *Houston* are presented here: whether the state or the defendant has the burden of showing that he was harmed by denial of counsel at his commitment hearing, and whether the party having that burden carried it in this case.

However, before we address those questions, the chronology of events should be set forth. The alleged crime occurred on June 16, 1974; the accused was arrested about two weeks later on July 1; after repeated delays and continuances the commitment hearing was held August 15; the indictment was returned on September 19; counsel was appointed on September 21; motion to quash the indictment was filed October 8, was heard October 9, and was overruled; the trial commenced on November 6, 1974; the jury found the defendant guilty and he was sentenced to serve five years.

At trial the uncontroverted evidence showed that on June 16, 1974, the victim was in an apartment with two others, Tony and Slim. When Hightower knocked at the door, Tony let him in. Hightower verbally abused the victim and threatened him for several minutes and then left the apartment. He returned a few minutes later with a shotgun and shot the victim in the legs. Hightower ran from the room and so did Tony and Slim.

At trial the victim identified Hightower, whom he had known for 5 or 6 years, as the man who shot him. The victim testified that Tony and Slim saw the entire episode, but that he did not know their last names nor their addresses.

Two Atlanta police officers testified that they had seen Hightower in the area shortly before the incident, that they heard what could have been a shot, that upon going around to the rear of the building to investigate they saw Hightower again, that they did not see a weapon

on Hightower or within his reach, and that after talking with Hightower they entered the building and learned of the crime.

An investigator from the Fulton County District Attorney's office testified that he had tried to locate Tony and Slim but that he was unable to do so.

Hightower did not testify and offered no evidence on his behalf.

Hightower appealed urging as error the trial court's denial of the motion to quash the indictment. He also appealed from the overruling of his amended motion for new trial. The Court of Appeals found that a commitment hearing is a critical stage of the criminal prosecution which requires the presence of counsel and that the case should be remanded to determine if the defense was significantly prejudiced by the lack of appointed counsel at the commitment hearing.

*State v. Houston,* supra, was decided after the Court of Appeals decision in *Hightower.* In *Houston* this court affirmed the Court of Appeals' finding that a commitment hearing in Georgia is similar to the Alabama procedure involved in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970), and that therefore under Coleman, a commitment hearing in Georgia is a critical stage of the criminal proceedings and that the defendant is entitled to counsel. Coleman, however, did not hold that the failure to provide counsel would necessarily void subsequent proceedings in the case. Instead Coleman held that where the record does not show whether or not the defendant was prejudiced by the absence of counsel at the commitment hearing, the courts should determine whether the lack of counsel was harmless error under Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). A federal constitutional error can be held harmless only if the state shows beyond a reasonable doubt that the error did not contribute to the verdict obtained. Chapman, supra.

In Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1969), the U. S. Supreme Court found a constitutional error to be harmless beyond a reasonable doubt. More recently, in Schneble v. Florida, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340) (1972), citing Chapman v. California, supra, that court said: "Thus,

unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." The dissenting opinion in Schneble charges the majority in that case with possibly overruling Chapman sub silentio. Of equal significance is the fact pointed out in the dissenting opinion that the majority in Schneble v. Florida made the harmless error determination on the basis of the record before it notwithstanding the fact that the Florida Supreme Court had not based its decision on harmless error. That is to say, an appellate court, using the appropriate standard, may find in a particular case that error committed by the trial court was constitutionally harmless, without remanding the case for further proceedings.

Looking at *Hightower* in the light of *Houston,* we find that Hightower had a right to counsel at the commitment hearing. But we must examine the record to determine whether the state has demonstrated beyond a reasonable doubt that the failure to provide counsel at the commitment hearing did not contribute to the verdict obtained.

Hightower's motion to quash the indictment is based on two grounds: the failure of the state to appoint counsel at the commitment hearing, and denial of the right to a speedy trial. The two grounds are separate. We deal here only with the denial of counsel at the commitment hearing, not with whether the denial of counsel resulted in lack of a speedy commitment hearing or trial.

Under the facts of this case we are unable to see how the denial of counsel at the commitment hearing contributed to the verdict of guilty. Hightower did not make any statements at the preliminary hearing which were used against him at trial. The victim positively identified the defendant as his assailant. The victim testified under cross examination that he did not know the names or whereabouts of Tony and Slim, the eyewitnesses, so (unless we presume perjury) nothing would have been gained in having appointed counsel cross examine the victim at the commitment hearing held two months after the shooting.

Hightower's contentions concerning excessive bail

and the length of time between the arrest and the indictment do not bear on the test for harmless error as set out in Chapman since they did not contribute to the verdict obtained.

Hightower contends that where counsel has been denied at the commitment hearing the case should be remanded to the trial court for a hearing to determine whether lack of counsel resulted in harm to the defendant at the trial. Coleman v. Alabama, supra; *Mollins v. State,* 122 Ga. App. 865 (179 SE2d 111) (1970). In this case, however, such a hearing before the trial court is unnecessary. There is no reasonable possibility that the denial of counsel at the commitment hearing contributed to the conviction. On the record before us the state has shown beyond a reasonable doubt that the failure to provide counsel at the preliminary hearing did not contribute to the verdict; i.e., the error was harmless beyond a reasonable doubt.

We reverse the ruling of the Court of Appeals and remand to that court for decision of the remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only, Hall, J., who concurs specially, and Gunter, J., who dissents.*

ARGUED NOVEMBER 12, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellant.

*Robert M. Coker,* for appellee.

HALL, Justice, concurring.

I concur in the majority opinion and leave the position I took in *State v. Houston,* 234 Ga. 721 (218 SE2d 13) (1975). After further study, I am now convinced that a commitment hearing under Code Ann. Chs. 27-2 and 27-4 is an adversary hearing and that Coleman v. Alabama, 399 U. S. 1 (1970), requires counsel for the accused where there is a pre-trial adversary confrontation. See *State v. Middlebrooks,* 236 Ga. 52. I agree that while the

appellant has been denied a federal constitutional right of counsel, no reversal is required under the doctrine of harmless constitutional error where the state carries the burden of proof under Schneble v. Florida, 405 U. S. 427 (1972); Harrington v. California, 395 U. S. 250 (1969); Chapman v. California, 386 U. S. 18 (1907). The record and transcript show the error to be harmless.

A study of all the commitment hearing cases decided today demonstrates to me that the time has come for the General Assembly to revise the antiquated, fragmented and hodge-podge provisions of Code Ann. Chs. 27-2 and 27-4. If this court were vested with the rule-making authority that is possessed by the highest courts of practically all our states, it could adopt modern pre-trial criminal procedures and discovery as the Florida Supreme Court did after Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975). Florida Rules of Criminal Procedure, as amended. However, this court's impotence to act is enforced by a constitutional straitjacket. See ·Leverett, Georgia and the Rule-Making Power, 23 Ga. B. J. 303 (1961). My hope is that the General Assembly will carry out its responsibility under Code Ann. § 2-4401 and enact new pre-trial criminal rules at the 1976 session taking into consideration the Florida Rules, supra, the ABA Standards Relating to The Administration of Criminal Justice (Discovery and Procedure Before Trial) 241-265 (1974), the Federal Rules of Criminal Procedure Amendments Act of 1975 (Public Law 94-64) (see Hungate, Changes in the Federal Rules of Criminal Procedure, 61 A. B. A. J. 1203 (1975)), and the American Law Institute Model Code of Pre-Arraignment Procedure (1975) (see Vorenberg, A. L. I. Approves Model Code of Pre-Arraignment Procedure, 61 A. B. A. J. 1212 (1975)).

GUNTER, Justice, dissenting.

A preliminary hearing for an arrested and imprisoned person who has not been indicted by a grand jury is a right afforded by statute in Georgia's criminal procedure. A preliminary hearing is a "critical stage" in our system of criminal procedure, and an accused is entitled to the assistance of counsel at a preliminary hearing. *State v. Houston,* 234 Ga. 721 (218 SE2d 13)

(1975).

The conduct by the state of a preliminary hearing for an imprisoned indigent without affording him assistance of counsel violates the Sixth Amendment to the United States Constitution and also violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. My view is that the conduct of a preliminary hearing at which the indigent is unrepresented by counsel is harmful error per se. The violation of this Sixth Amendment and Equal Protection right cannot, in my opinion, be held by the courts to be harmless error beyond a reasonable doubt when a criminal trial and conviction followed the denial of this right, and the trial court that conducted the trial was apprised of the alleged violation before the commencement of the criminal trial.

In this case respondent contended before the beginning of his criminal trial that he had been denied assistance of counsel at the preliminary hearing. When this issue was raised I think the trial court should have immediately granted a preliminary hearing to the respondent at which he would be represented by counsel before joining issue and proceeding with the criminal trial of the respondent. I am unwilling to hold that the denial of counsel is ever harmless error when the error can be so easily rectified before beginning the trial.

It is also my view that the entry of a plea to an indictment or accusation, without calling to the attention of the trial court alleged constitutional violations that occurred before the entry of the plea, constitutes a waiver of pre-trial violations, if at the time of joining issue the trial judge determines that such waiver is knowingly, intelligently, and voluntarily made by the accused party.

Since I do not believe that the failure to afford counsel to an indigent at a critical stage in criminal proceedings can be harmless error, if the convicting court was made cognizant of the failure before beginning the criminal trial, I would reverse the conviction in this case, direct the trial court to grant a preliminary hearing with the assistance of counsel, and direct the court to thereafter proceed with a new criminal trial of the respondent.

It follows that I would reverse the judgment of the

Court of Appeals and remand the case for further proceedings consistent with my view expressed herein.

I respectfully dissent.