## 31484. DIXON et al. v. HOPPER.

HALL, Justice.

Harry and Bobby Dixon were jointly indicted and tried for murder, armed robbery and motor vehicle theft arising out of the robbery-murder of a bus station attendant. At trial, appointed counsel represented the Dixons. Upon conviction, each was sentenced to life plus

seven years plus twenty years, to be served consecutively.

The Dixons' subsequent habeas corpus petition was denied, and we granted a certificate of probable cause to appeal. On this appeal, the Dixons are represented by counsel and urge only two points.

1. The first enumeration of error seeks to raise the question whether arraignment in Georgia is a critical stage of a criminal proceeding at which an accused must be represented by counsel. The Dixons did not have counsel at arraignment, and entered not guilty pleas.

On balance, we conclude that the record before us is not an appropriate one on which to decide this question of first impression in Georgia, namely, whether arraignment is a critical stage of criminal proceedings requiring counsel for an accused who enters a *not guilty* plea. See, e.g., Hamilton v. Alabama, 368 U. S. 52 (1961). We draw this conclusion for several reasons. First, though appellants assert that they were arraigned without counsel, the indictment shows their attorney's signature beneath a waiver of formal arraignment. Further, he testified that his recollection was that he had waived formal arraignment and had done so with their consent. Additionally, to date appellants have alleged no harm whatever to them from any arraignment without counsel, assuming that such occurred, except claims of harm which the record shows to be frivolous, asserting claimed inadequacies in the indictment. Even with respect to a commitment hearing, which we have held to be a critical stage requiring counsel where a commitment hearing is actually held (*State v. Houston,* 234 Ga. 721 (218 SE2d 13) (1975); *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976)), reversal is by no means automatic for absence of counsel. The harmfulness of counsel's absence must appear. *State v. Hightower,* 236 Ga. 58 (222 SE2d 333) (1976). Though under *Hightower* the state has the burden of demonstrating "beyond a reasonable doubt that the failure to provide counsel at the commitment hearing did not contribute to the verdict obtained," 236 Ga. at 61, the burden has been carried where, as here, no harm is alleged.

Finally, there is the issue of waiver. The record shows that counsel was appointed for appellants several weeks

prior to trial. He testified that he went to see them at the jail to offer his services, and they told him they did not want local counsel and that their relatives were negotiating to retain Atlanta counsel. He testified that they then walked away from him, whereupon he told them to call him if they changed their minds. It was not until after the time at which appellants assert they were "arraigned" that they approached him again and asked for and received his representation at trial. The appellants' testimony on this point is not basically different from counsel's, though they argued that it was not their fault their relatives were unsuccessful in retaining counsel, and also asserted that appointed counsel's response to being rejected was that he had plenty of other work to do anyway.

We conclude that on this record appellants' actions waived any right they might have had to counsel at any "arraignment." Accord, United States v. Johnson, 487 F2d 1318, 1321 (5th Cir. 1974); United States v. Ridley, 412 F2d 1126 (DC Cir. 1969).

It is true, as appellants urge, that *Fair v. Balkcom,* 216 Ga. 721, 727 (119 SE2d 691) (1961) says, "this right [to counsel] includes the benefit of counsel at all stages of the arraignment and sufficiently prior thereto for adequate preparation." However, that sentence must be considered in the context in which it was written — what Fair had entered at his hasty, uncounselled arraignment was a plea of guilty to a capital felony. The entry of a guilty plea, whenever it takes place, is undeniably a highly critical stage of criminal proceedings. Thus, the *Fair* case is properly considered as a right-to-counsel-upon-a-guilty-plea case, rather than a right-to-counsel-at-arraignment case.

The first enumeration of error is accordingly without merit.

2. The second point asserted on this appeal is that counsel was ineffective in his pre-trial preparation and trial performance, and in his failure to pursue an appeal for the Dixons.

The deposition of trial counsel, before the habeas court, provides evidence supporting a conclusion that the delay in his beginning work on the case was caused by the

Dixons' initial rejection of him: when they belatedly came back to him he conferred with them about three times before trial; he could have used more time to investigate, but in light of their determination to "tell it like it was" he decided, and they concurred, to ask for no continuance. At trial, one of them virtually "convicted himself" from the stand.

Following the verdict, counsel advised them of their appellate rights and again was told they would retain another lawyer; subsequent events led him to conclude they had done so.

A criminal defendant's Sixth Amendment right to counsel on appeal does not impose upon appointed counsel any duty to press his services upon reluctant recipients. If they wished help upon an appeal, upon being informed of their rights to help they should have asked for it.

Our review of the record supports the habeas court's rejection of both grounds of this enumeration.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Gunter and Ingram, JJ., who dissent.*

SUBMITTED AUGUST 27, 1976 — DECIDED OCTOBER 26, 1976.

*Thomas J. Killeen,* for appellants.
Harry S. Dixon, *pro se.*
Bobby Dixon, *pro se.*
*Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.