Bobby DIXON, Petitioner-Appellant,

v.

Charles R. BALKCOM,
Respondent-Appellee.

Harry S. DIXON, Petitioner-Appellant,

v.

Charles R. BALKCOM,
Respondent-Appellee.

Nos. 79–1373, 79–1374
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Bobby Dixon, pro se.

Harry S. Dixon, pro se.

Daryl A. Robinson, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Harry S. Dixon and Bobby Dixon appeal the district court's denial of their consolidated habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Finding no merit to any of appellants' contentions, we affirm.

Appellants, nephew and uncle, were convicted of murder, armed robbery, and motor vehicle theft by a Georgia state court. They did not take a direct appeal from their conviction, but brought a state court habeas corpus petition. Relief was finally denied by the Georgia Supreme Court. *Dixon v. Hopper*, 237 Ga. 811, 229 S.E.2d 656 (1976).

Appellants then filed habeas petitions in federal district court on the basis of claimed ineffective assistance of counsel and erroneous instructions to the jury. The petitions were subsequently consolidated. The district court denied relief on all issues, and appellants filed a timely notice of appeal. The district court failed to rule on a motion for a certificate of probable cause, and this court dismissed the appeal and remanded to the district court for a ruling on the certificate of probable cause motion. 28 U.S.C. §§ 2253, 2254; Fed.R.App.P. 22(b). The certificate was subsequently granted, and we reinstated the appeal.

Appellants allege in their petition that counsel was ineffective in three respects: (1) counsel had insufficient time to investigate and prepare a defense before trial, (2) appellants were arraigned without counsel, and (3) appellants were denied their right to appeal. Appellants received a full, fair state court hearing on these issues, and such state court findings are due a presumption of correctness. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d).

The Dixons first claim their counsel had inadequate time to prepare a defense and should have requested a continuance. The Georgia Supreme Court held that any lack of time was caused by appellants' ambivalence about whether they wanted their appointed attorney to represent them—on his first visit he was instructed that they were seeking retained counsel. Furthermore, appellants instructed their attorney not to request a continuance; they wanted to "tell it like it was" on the stand. *Dixon v. Hopper*, 229 S.E.2d at 658. These findings are supported by the record. While constitutionally effective counsel must make an informed evaluation of possible defenses and have a meaningful discussion of the reality of the case with his client, in light of the Dixons' directions these requirements were met. *Gaines v. Hopper*, 575 F.2d 1147, 1149–50 (5th Cir. 1978).

Appellants next claim they were arraigned without counsel. The Georgia Supreme Court held that the Dixons waived counsel. *Dixon v. Hopper*, 229 S.E.2d at 657–58. Appointed counsel met with appellants before arraignment and was advised that they were seeking retained counsel. Counsel told the Dixons to contact him if

they changed their minds; they contacted him after the time at which they allege they were arraigned. Furthermore, the record contains a formal waiver of arraignment signed by appointed counsel, and counsel testified that the document was signed by authority of appellants. The record supports the state court's conclusion of waiver.

■ Finally, appellants claim they were denied their right to appeal. The Georgia Supreme Court found that appellants were advised of their right to appeal, but that they informed their appointed counsel that they would seek other counsel for that purpose. *Dixon v. Hopper*, 229 S.E.2d at 658. This finding is also supported by the record.

■ Appellants contend the trial judge's instructions to the jury were defective because (1) he required the jury to find each defendant guilty or not guilty on all three counts (that is, for example, they could not be found guilty on count one but not on the others) and (2) his conspiracy instructions were unclear.

Both contentions are meritless. The judge specifically told the jury they were required to return six separate verdicts. As for appellants' contentions regarding the trial court's conspiracy instructions, at trial the jury foreman asked the court to repeat the conspiracy instructions. After the instructions had been reread to the jury, the court asked, "Is that enough to explain it?" The foreman responded that the instructions were clear and the jury retired to consider its verdict.

The decision of the district court denying relief is therefore

AFFIRMED.