A93A0156. BACHE v. THE STATE.
(431 SE2d 412)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, for operating a moving vehicle under the influence of alcohol to an extent that it was less safe for him to drive (Count 1) and driving a moving vehicle with an alcohol concentration of .10 grams or more (Count 2). Pursuant to defendant's request for a court-appointed attorney, the trial court entered a determination of defendant's indigence on July 13, 1992. That same day, defendant was arraigned without the benefit of counsel and entered a plea of not guilty and executed a form entitled, "WAIVER OF RIGHT TO TRIAL BY JURY." On July 28, 1992, an assignment of defendant's court-appointed attorney was entered and on August 25, 1992, defendant appeared in court with his attorney for a bench trial. Defendant was found guilty of the offenses charged and sentenced to serve 12 months in the county jail.[1] This appeal followed. *Held*:

1. In his sole enumeration, defendant contends the trial court's failure to provide him with an attorney during arraignment violated his Sixth and Fourteenth Amendment right to the assistance of counsel at a critical stage of the criminal proceeding.

Defendant was entitled to "the benefit of counsel at all stages of the arraignment and sufficiently prior thereto for adequate preparation. On this subject generally, see 22 C.J.S., Criminal Law, § 411, p. 632 (including pocket part) and 14 Am. Jur., Criminal Law, § 167 (pocket part, p. 174)." *Fair v. Balkcom*, 216 Ga. 721, 727 (119 SE2d 691). See *State v. Simmons*, 260 Ga. 92, 93 (390 SE2d 43). However,

---

[1] Defendant's trial attorney filed a notice of appeal on defendant's behalf and entered a request to withdraw as counsel, stating that he did not wish to represent defendant on appeal. On September 18, 1992, the trial court entered a determination that defendant was indigent and appointed another attorney to represent defendant on appeal.

"reversal is by no means automatic for absence of counsel. The harmfulness of counsel's absence must appear. *State v. Hightower*, 236 Ga. 58 (222 SE2d 333) (1976). Though under *Hightower* the state has the burden of demonstrating 'beyond a reasonable doubt that the failure to provide counsel at the commitment hearing did not contribute to the verdict obtained,' 236 Ga. at 61, the burden has been carried where . . . no harm is alleged." *Dixon v. Hopper*, 237 Ga. 811 (229 SE2d 656). Further, "an appellate court, using the appropriate standard, may find in a particular case that error committed by the trial court was constitutionally harmless, without remanding the case for further proceedings." *State v. Hightower*, supra, 236 Ga. at 61.

In the case sub judice, defendant argues that "[i]f [he] had been represented by counsel at Arraignment he would not have signed a waiver of his right to trial by jury, and he would have filed appropriate motions, demurrers, and pleas, which could have been beneficial to his defense." However, defendant fails to explain what "motions, demurrers, and pleas" would have enhanced his defense and he does not challenge the sufficiency of the evidence on appeal. Further, the record reveals that defendant's trial attorney was appointed almost a month before trial but that he never asserted a jury trial demand or any "motions, demurrers, and pleas." These particular circumstances reveal, beyond a reasonable doubt, that defendant suffered no harm as a result of the absence of defense counsel at arraignment.

2. Defendant argues that the trial court's failure to provide him with an attorney during arraignment violated Rule 33.2 of the Uniform Rules for the Superior Courts. This rule provides, in pertinent part, as follows: "A defendant shall not be called upon to plead until he has an opportunity to retain counsel, or if he is eligible for appointment of counsel, until counsel has been appointed or right to counsel waived. A defendant with counsel shall not be required to enter a plea if his counsel makes a reasonable request for additional time to represent the defendant's interest, or if the defendant has not had a reasonable time to consult with counsel."

There is little doubt that application of Rule 33.2 of the Uniform Rules for the Superior Courts in the case sub judice would have given defendant the benefit of counsel at all stages of the arraignment and sufficiently prior thereto for adequate preparation. However, since the record indicates, beyond a reasonable doubt, that no harm resulted in accepting defendant's *plea of not guilty* in the absence of defense counsel, we cannot say that noncompliance with Rule 33.2 requires reversal of defendant's conviction. See Division 1 of the opinion.

3. In Count 1, defendant is charged with violating OCGA § 40-6-391 (a) (1), and in Count 2, he is charged with violating OCGA § 40-6-391 (a) (4). A "MEMORANDUM OF EVIDENCE" executed by the trial court reveals that the offenses charged in Counts 1 and 2 are

based on the same transaction and occurrence. It is therefore apparent that defendant was tried and convicted on an accusation which charged him with but one offense committed in different ways. See *Tomlin v. State*, 184 Ga. App. 726, 727 (1) (362 SE2d 489). However, the written sentence fails to reflect upon which count defendant was sentenced. Consequently, since defendant cannot be sentenced on both counts of the accusation (*Tomlin v. State*, supra, 184 Ga. App. at 728 (3)), defendant's sentence must be vacated and the case remanded with direction that the trial court resentence defendant with the trial court's sentence reflecting whether the new sentence is on Count 1 or Count 2. *Mattarochia v. State*, 200 Ga. App. 681, 685 (7) (409 SE2d 546).

*Judgment affirmed as to the driving under the influence of alcohol conviction; judgment vacated as to the sentence and case remanded with direction. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 3, 1993.

*David B. Brown*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.