## A05A0511. HOWARD v. THE STATE.
### (615 SE2d 806)

BARNES, Judge.

Following a bench trial on stipulated facts, Nathan Antonio Howard appeals his conviction for trafficking in cocaine. Howard contends that the arrest warrant was invalid, that his arrest was not supported by probable cause, and that the trial court erred by denying his motion to suppress and by considering evidence to which he did not stipulate. Finding no error, we affirm.

For purposes of Howard's motion to suppress, he stipulated to the following facts:

On February 3, 2004 Patrick Mayfield of the Toccoa Police Department and Bryan Lord of the Piedmont Multi-Agency Narcotics Unit were on Hughes Street in Toccoa, Georgia. Officer Antonio Keye and Officer Noah Sprague of the Toccoa Police Department were also present. Officer Keye and Officer Sprague were executing a 4th Amendment waiver search upon Horace Mayfield. Nathan Howard was leaning against a vehicle when he was recognized by Officer Mayfield. Officer Mayfield confirmed by radio that there was still

an outstanding warrant for criminal trespass on Mr. Howard from the Stephens County Sheriff's Department. Mr. Howard was arrested on the criminal trespass warrant and searched prior to being placed in the patrol car. Cocaine was located during the search of his person and he was arrested for the additional charges of Trafficking in Cocaine and Possession of Cocaine with Intent to Distribute.

Howard contended that the cocaine should have been suppressed because his arrest was unlawful and the arrest warrant was invalid. He argued that he had already been arrested on the criminal trespass warrant in another county and had been released on his own recognizance, and thus the arrest was illegal. The trial court denied Howard's motion to suppress, finding that the documents submitted by Howard in support of the motion contained conflicting information, and that "whether or not the warrant was valid, the arresting officer confirmed that there was a valid and outstanding warrant for criminal trespass providing probable cause to arrest," citing *Harvey v. State*, 266 Ga. 671 (469 SE2d 176) (1996).

1. Howard first contends that the trial court erred in denying his motion to suppress because the arrest warrant was invalid as he had been previously arrested on the same warrant, and that his arrest was therefore unlawful and not supported by probable cause.

Upon review of the denial of a motion to suppress, we must construe the record to support the trial court's findings and judgment. Findings on credibility and conflicting evidence must be upheld unless they are clearly erroneous. In addition, the trial court is the trier of fact, and its findings, being analogous to a jury verdict, will not be disturbed so long as some evidence supports them. *Dole v. State*, 256 Ga. App. 146, 146-147 (1) (567 SE2d 756) (2002).

Pretermitting the legitimacy of the arrest warrant, Howard stipulated that the arresting officer radioed in and was told that there was an outstanding arrest warrant for Howard, and

[a] radio transmission that confirms an outstanding warrant establishes the necessary probable cause to arrest. Although insufficient to authorize conviction, National Crime Information Center printouts have been held reliable enough to support a reasonable belief which is needed to establish probable cause for arrest. Probable cause to arrest [Howard] existed once the officer learned of the warrant. [Howard's] arrest was therefore lawful. Whether or not the information about the warrant later proved incorrect or invalid is immaterial.

(Citations and punctuation omitted.) *Buchanan v. State*, 259 Ga. App.

272, 274-275 (576 SE2d 556) (2002). "The material inquiry is whether the facts within the officer's knowledge at the time of the arrest constituted reasonably trustworthy information which was sufficient to authorize a prudent person to believe that [the suspect] had committed an offense. [Cit.]" *Harvey v. State*, supra, 266 Ga. at 673.

Here, the officer recognized Howard and, based on his belief that there was an outstanding arrest warrant for him, called radio dispatch to confirm his suspicion. The evidence supports a finding that the facts and circumstances within the knowledge of the arresting officer were sufficient to justify Howard's arrest. "Even if such information is subsequently proven to be wrong, the Supreme Court has held that in hindsight, it will not declare an arrest to be invalid when the arresting officer reasonably relied upon information which he had no reason to think was incorrect. [Cit.]" *Fuller v. Troup County*, 253 Ga. App. 228, 230 (1) (558 SE2d 777) (2002).

Thus, the trial court did not err in denying Howard's motion to suppress.

2. Howard contends that the trial court erred by considering documents that the State attached to its response to his motion to suppress because he did not stipulate to the documents' authenticity and had no opportunity to challenge them. This contention is meritless.

Here, the record does not reflect that the parties conducted a hearing on the motion to suppress. The parties stipulated to a statement of facts and "to the exhibits from both parties attached to this stipulation," and the exhibits that the State attached to its reply are exactly the same documents attached to the stipulation. There is absolutely no evidence that the trial court considered documents other than the ones noted in the stipulation, and thus we find no error.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 15, 2005.

*McDonald & Cody, Douglas W. McDonald, Jr.*, for appellant.
*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.