**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A0667. CONEY v. THE STATE.

ANDREWS, Judge.

On this out-of-time appeal from his conviction for cocaine trafficking, John Edward Coney argues that the trial court erred when it denied his motion for new trial because he was arraigned without counsel, with the harmful result that he lost a hearing on his motion to suppress the evidence that formed the basis of his conviction. In the alternative, Coney argues that trial counsel was ineffective for failing to file a timely motion to suppress and for other reasons. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We

neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on February 28, 2007, a Cordele police officer received a call to be on the lookout for a black male in the area of 24th Avenue and 13th Street. The officer soon saw Coney enter the passenger side of a vehicle, which drove down an unpaved alley, kicking up dirt as it did so. The officer followed, but did not pull the vehicle over because, as he testified, he did not have probable cause to arrest or detain Coney.

When the vehicle turned into a school parking lot with a construction site where Coney was working, the officer activated his blue lights and called out to Coney, who was walking toward the construction site office, that he wanted to speak to him. Although the officer testified that this encounter was voluntary, he called for backup. The female driver of the car got out and gave the officer Coney's driver's license, which information the officer called in to his dispatcher. After a substantial

delay, the dispatcher reported that Coney was not the person the officers were looking for. The first officer then told Coney that he was free to go.

As the officers were leaving, however, a dispatcher reported that Coney was the subject of an outstanding arrest warrant from Henry County. Both officers immediately returned to the construction site and detained Coney. When asked about the outstanding arrest warrant, Coney replied that the matter "had been taken care of." The officers told Coney that they needed to detain him pending verification that the warrant had been satisfied. As the first officer conducted a weapons check, he felt something "bulky" in Coney's right front pocket. The officer testified that he put his hand into the pocket because "[he] could not say that [the bulky object] was not a weapon." Coney immediately resisted and was arrested for obstruction. The bulky object turned out to be a roll of currency amounting to $615. A further search of Coney's pockets recovered a bag containing more than 31 grams of 78% pure cocaine. Shortly after Coney's arrest, the dispatcher confirmed that the Henry County arrest warrant was no longer outstanding.

On April 4, 2007, trial counsel made his first appearance in the case and filed a motion for discovery. Coney was indicted on May 14 on charges of cocaine trafficking, possession of cocaine with intent to distribute within 1000 feet of a

school, and obstruction. On June 4, Coney appeared at arraignment and signed a form indicating a plea of not guilty. Although the prosecutor was present and signed the form, Coney's counsel was not present and did not learn of the event until he received a calendar call for August 9. The State filed discovery responses on June 27.

On the morning of trial, August 23, 2007, counsel filed motions including one to suppress the cocaine. The motion to suppress was denied as untimely because it violated the circuit's standing order to file such motions within ten days of receiving discovery responses. A jury found Coney guilty of cocaine trafficking but not guilty of the two other charges against him. Coney was convicted and sentenced to 30 years. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Coney's conviction for cocaine trafficking. See OCGA § 16-13-31 (a) (1) (defining trafficking in cocaine as being in knowing possession of 28 grams or more of 10% or more cocaine); *Jackson.*

2. Coney argues that he was deprived of his right to counsel at arraignment with the harmful result that the trial court refused to hear his motion to suppress the cocaine that formed the basis of his conviction. We disagree.

4

The trial court denied the motion to suppress filed on the morning of trial not because of any deadline triggered by Coney's arraignment, but rather because the motion was filed in violation of the circuit's standing order to file such motions within ten days of the return of discovery. Reserving the question whether this failure amounted to ineffective assistance (the subject of Division 3 below), Coney has not asserted or shown that he suffered any specific harm as a result of a lack of counsel at the June 4 arraignment.

Under Uniform Superior Court Rule 30.2, a trial judge faced with a defendant lacking counsel at arraignment "shall inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances." USCR 33.2 (A) further provides:

> A defendant shall not be called upon to plead before having an opportunity to retain counsel, or if defendant is eligible for appointment of counsel, until counsel has been appointed or right to counsel waived. A defendant with counsel shall not be required to enter a plea if counsel makes a reasonable request for additional time to represent the defendant's interest, or if the defendant has not had a reasonable time to consult with counsel.

The Supreme Court of Georgia has held that the provisions of USCR 33 are "mandatory in this state," *State v. Evans*, 265 Ga. 332, 334 (1) (454 SE2d 468)

5

(1995). Coney has consistently asserted that his substantive constitutional right to counsel was violated at the June 4 arraignment, and he refused subsequent arraignment as well. Compare *Cox v. State*, 279 Ga. 223, 228-229 (9) (610 SE2d 521) (2005) (when a defendant does not argue any denial of substantive protections at an arraignment held while he was a fugitive, when he was later arraigned with the benefit of counsel, and when his pretrial motions were mooted by developments in the case, any error resulting from an absence of counsel at arraignment was harmless).

Nonetheless, as our Supreme Court has also held, a reversal for lack of counsel at any "critical stage of a criminal proceeding," including an arraignment, "is by no means automatic. . . . The harmfulness of counsel's absence must appear." *Dixon v. Hopper*, 237 Ga. 811, 812 (1) (229 SE2d 656) (1976). "[W]here the record does not show whether or not the defendant was prejudiced by the absence of counsel" at a pretrial appearance, a trial court "should determine whether the lack of counsel was harmless error." *State v. Hightower*, 236 Ga. 58, 60 (222 SE2d 333) (1976). "A federal constitutional error can be held harmless only if the state shows beyond a reasonable doubt that the error did not contribute to the verdict obtained." Id. Thus in *Bache v. State*, 208 Ga. App. 591 (431 SE2d 412) (1993), this Court held that a defendant who lacked counsel at arraignment, but who could not show how any

6

specific motion not made "would have enhanced his defense," could not show harm arising from the absence of counsel at that stage of the proceedings. Id. at 592 (1).

Because the record shows that Coney did not lose the right to a hearing on his motion to suppress as a result of a lack of counsel at arraignment, because he has not alleged any other specific harm resulting from that event, and because he was afforded the assistance of counsel at trial, we conclude that the State has carried its burden of showing that any error arising from the absence of counsel at arraignment was harmless. See *Dixon*, 237 Ga. at 812-813 (State carried its burden of showing no harm arising from lack of counsel at arraignment when defendant failed to allege any specific harm arising therefrom and when he was represented by counsel at trial); *Bache*, 208 Ga. App. at 592 (1); compare *Ledford v. State*, 247 Ga. App. 885 (545 SE2d 396) (2001) (reversing defendant's conviction because she lost the right to file a motion to suppress when she appeared without counsel at arraignment).

3. Coney argues that counsel was ineffective when he failed (a) to appear at arraignment; (b) to file a timely motion to suppress; (c) to file other, unspecified pretrial motions; (d) to review discovery prior to trial; (e) to conduct an adequate investigation and preparation of the case; (f) to obtain a ruling on the issue whether

7

Coney was properly arraigned; and (g) to advise him of the status of the case. We disagree with these contentions.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4).

(a), (b) As we have noted above, Coney has not asserted any harm arising from counsel's failure to appear at arraignment other than the loss of his right to a hearing on his motion to suppress. "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003). Further,

> "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a

result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

*Davenport v. State*, 172 Ga. App. 848, 852 (324 SE2d 201) (1984), quoting *Strickland*, 466 U. S. at 697. Pretermitting whether counsel's failure to file a motion to suppress within ten days of the State's filing of its discovery responses was deficient performance, Coney cannot show that the motion to suppress had any likelihood of success, with the result that he cannot show prejudice as a result of counsel's omissions.

According to the Supreme Court of Georgia, the "material inquiry" in any case involving probable cause to arrest is "whether the facts within the officer's knowledge at the time of the arrest constituted reasonably trustworthy information which was sufficient to authorize a prudent person to believe that [the suspect] had committed an offense." *Harvey v. State*, 266 Ga. 671, 673 (469 SE2d 176) (1996) (validating an arrest based on an officer's reasonable reliance on information concerning an outstanding but incorrect warrant). This Court has thus held not only that "'a radio transmission that confirms an outstanding warrant establishes the necessary probable cause to arrest,'" *Howard v. State*, 273 Ga. App. 667, 668 (1) (615

9

SE2d 806) (2005), quoting *Buchanan v. State*, 259 Ga. App. 272, 274-275 (576 SE2d 556) (2002), but also that a search made pursuant to such an arrest is legal:

> [I]f an officer stops an individual outside his home, requests a computer check on the individual, and is told that there is an outstanding arrest warrant for the individual, the officer may lawfully arrest the individual and search him or her pursuant to the arrest, and *any seized contraband will be admissible to support additional criminal charges against the individual, even if it is later discovered that no valid warrant existed at the time of the arrest.*

(Emphasis supplied.) *State v. Edwards*, 307 Ga. App. 267, 271-272 (704 SE2d 816) (2010). The existence of probable cause authorizes a search incident to arrest, moreover, even if an officer believes that he is, at the moment the search is undertaken, detaining rather than arresting the person searched. See *Sibron v. New York*, 392 U. S. 40, 67 (88 SC 1889, 20 LE2d 917) (1968); see also id. at 77 (Harlan, J., concurring) ("If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. . . . [T]he prosecution must be able to date the arrest as early as it chooses following the development of probable cause"); LaFave, *Search and Seizure* (3d ed., 1996), Vol. 4, § 9.2 (e), pp. 46-47.

Coney does not dispute that he was detained and searched as a result of a dispatcher's report that there was an outstanding warrant for his arrest. And Coney

has not argued or shown that any evidence not obtained or reviewed before trial would have created a question of fact on this subject. Even assuming that the police officer did not himself interpret Coney's detention as an arrest, then, and even if the information on which that detention was based was later proven to be incorrect, there is no evidence in this record to dispute the conclusion that police obtained probable cause to arrest Coney "once the officer learned of the warrant." *Howard*, 273 Ga. App. at 668 (1). Because probable cause to arrest Coney and to search him incident to that arrest has been shown on undisputed facts, he cannot make the requisite "strong showing" that a motion to suppress the evidence found during that search would have been meritorious. *Richardson*, 276 Ga. at 553 (3). As a result, no further proceedings are necessary on an ineffectiveness claim arising from any failure to file such a motion. See *Quinn v. State*, 268 Ga. 70, 72 (485 SE2d 483) (1997) (the totality of circumstances, including the discovery of a large sum of money, the presence of a pistol on the seat of defendant's car, and alerting by narcotics dog, provided probable cause to search; because a motion to suppress "would not have been meritorious," no further proceedings were required on the motion or an ineffectiveness claim concerning it); compare *Suluki v. State*, 302 Ga. App. 735, 738 (1) (691 SE2d 626) (2010) (reversing conviction where defendant showed a

"reasonable probability . . . that the outcome [of his trial] would have been different" if counsel had filed a motion to suppress).

(c) As we have noted above, Coney has not asserted how any motion other than a motion to suppress would have assisted his defense. A generalized assertion that a defendant was unable to file an unspecified pretrial motion as a result of counsel's absence at arraignment is insufficient to make out a claim for ineffective assistance. *Bache*, 208 Ga. App. at 592 (1).

(d), (e) Coney asserts that counsel failed to interview a number of witnesses, including the driver of the vehicle in which Coney traveled to the construction site, the radio dispatcher, and other officers at the scene. Coney also points out that counsel did not review the police video of the incident until the morning of trial. But Coney did not proffer any specific evidence at the hearing on the motion for new trial tending to show that he suffered prejudice as a result of these omissions.

> In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), *a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.* The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of

12

a showing that such evidence would have been relevant and favorable to the defendant.

(Emphasis supplied; citation and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Even on appeal, Coney fails to assert or show how, apart from the legal issues arising from his search and arraignment, any of this potential evidence would have affected his conviction for cocaine trafficking, the elements of which are possession of the drug in a certain amount and of a certain purity. It follows that the trial court did not clearly err when it denied Coney's motion for new trial on this ground. See *Lenderman v. State*, 271 Ga. App. 883, 886-887 (611 SE2d 135) (2005) (under the evidence proffered at the hearing on defendant's motion for new trial, it was "impossible to conclude" that any additional evidence "would have changed the outcome of his trial").

(f) As we have held in Division 2 above, Coney has not shown harm as a result of the absence of counsel at arraignment. It follows that any failure to obtain a ruling on this matter could not amount to ineffective assistance. See *Morgan v. Mitchell*, 272 Ga. 134, 138 (1) (527 SE2d 556) (2000).

(g) Coney has not argued, let alone shown, how any failure to keep him advised of the status of his case would have affected the outcome of his trial. As it is

13

unsupported by either citation to the record or legal argument, we deem this assertion of error abandoned. *Smith v. State*, 214 Ga. App. 631, 633 (7) (448 SE2d 906) (1994).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*